FRANK SUMPTER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—MURDER IN SECOND DEGREE—INDICTMENT —MOTION IN ARREST—CONFLICTING EVIDENCE TO SHOW BIAS IN JUROR.

1.  It is not necessary that an indictment charging murder in the second degree should allege that the act producing the death was "an act imminently dangerous to another," but it is sufficient to describe the act, leaving it to the law and the court to say whether such act was imminently dangerous to another.

2.  While the sufficiency of the allegations in an indictment to charge the offense may be tested by a motion in arrest of judgment, yet upon this motion the indictment should receive a liberal construction, and even an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of that fact. A defective allegation not affecting the real merits, or a merely formal or clerical error, or an allegation of unnecessary matter not concerning the substance of the charge, would not be ground for arresting the judgment.

3.  Where the evidence in support of and in opposition to a ground in a motion for a new trial alleging bias on the part of a juror is conflicting, an appellate court will not disturb the findings of the trial court settling such conflict where there is nothing showing an abuse of a sound judicial discretion which the trial court has in such cases.

This case was decided by Division B.

Writ of error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*W. H. Wilson, J. B. Hodges* and *A. J. Henry,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiff in error, who is here on writ of error, was indicted, tried, convicted and sentenced for the crime of murder in the second degree in the Circuit Court of Columbia County. There are two assignments of error. 1st. The denial of the defendant's motion to arrest the judgment. 2nd. The denial of the defendant's motion for new trial. The indictment which is assailed in the motion to arrest is as follows:

"The Grand Jurors of the State of Florida, duly chosen, empaneled and sworn diligently to inquire and true presentment make in and for the body of the County of Columbia, upon their oaths present that Frank Sumpter, late of said County ———————— on the 26th day of November, A. D. 1910, in the County and State aforesaid, with force and arms, and with a deadly weapon, to-wit: a shot gun loaded and charged with leaden balls and

which he the said Frank Sumpter had and held in his hands unlawfully, but without any premeditated design to effect the death of any particular individual and evincing a depraved mind regardless of the life of Richmond Pinkney or of any other human being, in and upon the said Richmond Pinkney, did make an assault. And the said Frank Sumpter did then and there, evincing a depraved mind regardless of the life of Richmond Pinkney, or of any other human being, but without a premeditated design to effect the death of said Richmond Pinkney or of any human being, shot off and discharged the leaden balls aforesaid, out of the shot gun aforesaid at towards, against and into the head and body of said Richmond Pinkney, thereby striking, penetrating and inflicting with the leaden balls aforesaid so shot off and discharged as aforesaid, in and upon the head and body of said Richmond Pinkney ten mortal wounds of and from which said mortal wounds the said Richmond Pinkney did then and there die. And the Grand Jurors aforesaid upon their oaths aforesaid do further present that one Ben English was then and there present unlawfully evincing a depraved mind regardless of the life of Richmond Pinkney, but without any premeditated design to effect the death of the said Richmond Pinkney or any human being, aiding, abetting and assisting the said Frank Sumpter the felony aforesaid in the manner aforesaid to do and commit. Contrary to the Statute in such case made and provided."

The grounds of the motion to arrest are as follows:

"1st. Because the indictment is vague, indefinite and insufficient in law, and charges no offense under the laws of the State of Florida.

2nd. Because it is not stated in and by the said indictment that this defendant with a depraved mind re-

gardless of the life of Richmoind Pinkney or any other particular individual, did shoot off and discharge at and etc., the body of Richmond Pinkney, thereby killing him, and does not state that said act whereby Richmond Pinkney was killed was imminently dangerous to him or any other person.

3rd. Because the said indictment does not show that the said Frank Sumpter, when the assault was made, was then and there being, and by an act imminently dangerous to the said Richmond Pinkney or any other particular individual, did with a certain shot gun then and there loaded and charged with gun powder and leaden balls, discharged, and shot off said gun loaded as aforesaid the leaden balls aforesaid out of the shot gun loaded as aforesaid, at, towards, against and into the head and body of the said Richmond Pinkney, thereby striking, inflicting, penetrating with the leaden balls aforesaid so shot off and discharged out of said shot gun loaded as aforesaid, in and upon the head and body of the said Richmond Pinkney ten mortal wounds, of and from which mortal wounds the said Richmond Pinkney did then and there die, but alleges the facts in a vague and indefinite manner, and in such a way as not to charge defendant with having violated any laws of the State of Florida, and does not allege that the said act was imminently dangerous to another evincing a depraved mind regardless of human life.

4th. And for other good and valid reasons apparent upon the record.

5th. The indictment does not sufficiently charge the crime for which the defendant was tried and convicted."

We do not think that the court below erred in denying this motion in arrest. Our statute defines murder in the second degree as follows: "The unlawful killing of a hu-

man being when perpetrated by any act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, it shall be murder in the second degree."

It is true that this indictment does not allege *ipsissimis verbis* of the language used in this statute that the act by which the defendant effected the death of the deceased was "an act imminently dangerous to another," but simply describes the act, viz.: that he assaulted the deceased with a shot gun loaded with gunpowder and leaden balls, which gun so loaded he did shoot off to, against and upon the deceased, inflicting wounds from which he then and there died. Neither is it necessary that an indictment charging murder in the second degree should allege that the act producing the death was an act imminently dangerous to another, but it is sufficient to describe the act as does the indictment here, and leaving it to the law and to the courts to say whether such act was imminently dangerous to another. We think that the courts will take judicial notice of the fact that to shoot a man with a shotgun loaded with gunpowder and leaden balls is an act imminently dangerous to the person shot, from the bare statement of the act itself, and that it would be superfluous to add, after stating such act, that it was imminently dangerous to the person so shot.

Whether the allegations contained in an indictment sufficiently charge the offense is a proper matter to be inquired into on a motion to arrest judgment. Yet upon this motion the indictment should receive a liberal construction, and even an informal or imperfect allegation of an essential fact will be deemed sufficient averment of that fact. A defective allegation not affecting the real merits, or a merely formal or clerical error, or an allega-

tion of unnecessary matter not concerning the substance of the charge, would not be ground for arresting the judg-ment. 2 Standard Ency. of Proc. pp. 1005 and 1006, and numerous authorities there cited. We do not think the indicment here is open to the criticisms made upon it in this motion in arrest, but think that it sufficiently charges the crime of which the defendant was convicted.

The only grounds of the motion for new trial presented and relied on here are the 10th, 11th, 13th and 13b, as follows:

10th. Because the said Ben English, who was indicted jointly with the said Frank Sumpter and one of the de-fendants in the trial of said cause, was during argument of counsel of defendant taken from the court room.

11th. Because during the progress of the trial of said cause and during the taking of testimony therein the jury separated, that is to say, one of the jurors sitting upon and trying the said cause, to-wit: W. B. Shealy vacated his seat in the jury box without the consent of the court or counsel being heard, and without securing a suspen-sion of the case, and while a witness was testifying, and crossed the court room to the water cooler, and then went out of the court room into the hall way north of the court room, returning some few minutes afterwards.

13th. Because after the taking of testimony in said cause and after argument of counsel and charge of the court, and the jury was retiring to consider its verdict, one of the jurors, to-wit: W. B. Shealy- instead of retir-ing with the jury separated from them, going outside the bar of this court and went across the court room, return-ing to the jury box and following the jury out of the court room, being separate.

13th b. Because the defendant is informed and believes that one of the jurors selected and sworn to try the cause,

and who did sit upon and try said cause and render the verdict herein complained of, to-wit: F. N. Pucket, and who, upon his examination on his voir dire before being selected and sworn to try said cause, stated that his mind was unbiased and unprejudiced and that he felt free to try said cause, and that he had never expressed his opinion as to the guilt or innocence of this defendant, that said juror, the said F. N. Pucket, was biased and prejudiced against this defendant, and that on the morning of the trial, to-wit: on the 28th day of April, 1911, the said F. N. Puckett did express his opinion of the defendant, saying that if he could get on the jury he would break up that killing at the "prop." That this defendant was not advised of such statement by said juror until the 2d of May, 1911.

As to the 10th ground of this motion complaining that Ben English, a co-defendant on trial with the plaintiff in error, was taken from the court during the argument of counsel. We fail to see how this could have injuriously affected the defendant. The said Ben English was acquitted in the same verdict that convicted the defendant— had he been convicted there might be some ground of complaint on his behalf as to this action—but we cannot see that this defendant was at all affected thereby, or that he has any cause of complaint thereat.

As to the 11th and 13th of these grounds of the motion for new trial the evidence in support thereof fails to show such a separation of the Juror Shealy from his fellows as would warrant us on that ground in reversing the judgment of the trial judge in the premises. It is not shown that the juror was at any time out of sight of the court or of his fellows, and that he did not leave the court room as the motion alleges, but got up from his seat in the jury box and went for a drink of water to the

water cooler a few feet away from the jury box, and that he was at all times under the eye of the court and within hearing of the witnesses testifying in the case. We do not think this showing would warrant a reversal here —though we think that it was irregular, and is a practice that should not be encouraged.

As to the ground of the motion for new trial designated as 13b, while there are two witnesses who testified by ex parte affidavits to remarks made by the Juror Pucket in their hearing that indicated prejudice upon the juror's part against the defendant, yet the juror himself positively denied ever having made any such remarks as those sworn to by said two witnesses. Here then we have a conflict in the evidence on this point. This court has settled the rule that the ruling of the trial court upon the testimony produced in support and in denial of a ground in a motion for new trial alleging that one of the jurors was biased against the accused and had expressed an opinion that he was guilty before the trial, will not be disturbed by an appellate court, where the evidence is conflicting and there is nothing to show an abuse of discretion. Such questions must necessarily be left largely to the discretion of the trial judge who may know the witnesses and be able to judge of their creditibility. Starke v. State, 49 Fla. 41, 37 South. Rep. 850; Yates v. State, 26 Fla. 484, 7 South. Rep. 880. We find nothing in the record to show any abuse of this discretion by the trial judge in his ruling upon this ground of the motion for new trial.

Finding no error the judgment of the circuit court in said cause is hereby affirmed at the cost of Columbia County, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.