OLLIE BAILEY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed August 9, 1918.

1   The jury are the sole judges of the credibility of the witnesses and the weight of the evidence, but not of its sufficiency, and where the testimony shows that the prosecutrix made little or no resistance and made no outcry it fails to show that the offense was committed by force and against her will.

2.   The introduction in evidence before the Jury, of the affidavit filed with an insolvent prisoner's praecipe for witnesses, over the objection of the defendant, is reversible error.

3.   All persons on trial are entitled to equal protection of the law.   An insolvent defendant has to make affidavit to what he expects to prove by his witnesses in order that they may be subpoenaed.   One who is able to pay for his subpoenas does not have to do this, and to permit the affidavit made by the insolvent defendant to be introduced in evidence against him, is not according to him the equal portection of the law that is accorded a solvent defendant.

Writ of Error to Circuit Court for St. Lucie County; E. B. Donnell, Judge.

Judgment reversed.

*Elwyn Thomas*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, for the State.

BROWNE, C. J.—The Plaintiff in Error was convicted of rape and sentenced to life imprisonment. He contends that the evidence does not support the verdict, and that there was error in admitting in evidence the praecipe for witnesses and the insolvency affidavit filed by the defendant.

The prosecutrix, a twenty-year-old married negro wench, says the defendant came to the camp where she was alone, and asked her to go into the tent, and she refused, and he grabbed her by the arm and pulled her in, and threw her on the bed, and choked her with his left hand and put his privates in her with his other hand, and when he got through he got up and said he had a good mind to take a hatchet that was on the floor by the bed and cut her head off for talking about telling her old man. This was after the alleged commission of the offense. What she was doing with her hands, while the defendant was putting his privates in her with his right hand, she does not say.

The prisoner testified he had had sexual intercourse with the prosecutrix, and had promised her five dollars and a pair of shoes; that when he saw her at the camp she asked him why he did not "bring those shoes and my five dollars," and he told her he was broke, and she told him he must be messing around with some other woman,

and after a little more talk, he went on, and the last words she told him was that he was going to be sorry. She had him arrested that evening.

A witness for the defense testified that the prosecutrix was a strumpet, and in the habit of having connection with men on Saturday nights when the men were paid off.

If the defendant had sexual intercourse with the prosecutrix it was with little or no opposition on her part, if in fact she did not quickly yield to his solicitations.

The jury are the sole judges of the credibility of the witnesses, and the weight of the evidence, but not of its sufficiency. They may have believed that the prosecutrix told the truth, but what she said did not show sufficient resistance on her part to the defendant's advances to exclude the idea that her opposition to his will was nothing more than pretense; or at any rate that the act was consummated while she, though "saying I'll ne'er consent, consented."

The fifth assignment of error relates to the introduction in evidence by the State of the defendant's praecipe for witnesses and his insolvency affidavit. This was objected to by the defendant on the grounds that it was "irrelevant and immaterial." The effect of the court overruling this objection and permitting the introduction of these papers was to give the court's approval to their relevancy and materiality. The State did not offer them in evidence for mere pastime, but because the State Attorney thought they were material and tended to establish the guilt of the prisoner and that it was proper for the jury to consider them in determining the guilt or innocence of the accused. The court adopted this view, and permitted them introduced in evidence. This was reversible error.

An insolvent prisoner who desires to have witnesses summoned in his behalf is required to state in his affidavit of insolvency what he expects to prove by them. A prisoner who is financially able to pay for his subpoenas is not required to do this. If the affidavit of insolvency of a prisoner can be used in evidence against him, he suffers because of his poverty. A prisoner who is able to pay to have his witnesses summoned, not having to disclose what they will testify to, is not subject to the disadvantage of having his failure to call his witnesses used as evidence against him, and it follows that an insolvent prisoner is placed in greater jeopardy than one in better financial circumstances. An insolvent prisoner would thus be denied the equal protection of the laws.

The judgment is reversed.

TAYLOR AND ELLIS, J. J., concur.

WHITFIELD AND WEST, J. J., dissent.

WHITFIELD, J., *dissenting.*—The testimony of the victim as to commission of the offense by force and against her will corroborated by her complaint against the defendant at the earliest practicable time and other circumstances in evidence are sufficient in law to sustain the verdict; and on the whole testimony the verdict does not appear to be against the evidence. See Tully v. State, 69 Fla. 662, 68 South. Rep. 934; Doyle v. State, 39 Fla. 155, 22 South. Rep. 272, 63 Am. St. Rep. 159.

No harm could reasonably have resulted to the defendant by the perhaps erroneous admission in evidence of the praecipe and affidavit of insolvency over the objection that they were irrelevant and immaterial.

Where a verdict is sustained by the evidence, technical but harmless errors in rulings on the admission or rejection of testimony will not cause a reversal of the judgment. Graham v. Holmes, 73 Fla. 85, 74 South. Rep. 5; Owens v. State, 65 Fla. 483, 62 South. Rep. 651; Gorey v. State, 71 Fla. 195, 71 South. Rep. 328.

While the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial, may by appropriate proceedings be reviewed by an appellate court, yet conflicts in competent testimony, the weight of legal evidence and the credibility of competent witnesses are primarily for the determination of the jury; and where there is some substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were not governed by the evidence, a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict should not be disturbed by the appellate court. Graham v. State, 72 Fla. 510, 73 South. Rep. 594; Doyle v. State, *supra*.

WEST, J., concurs.