B. G. WALDROP, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed March 21, 1930.

*Carter, Solomon & Pierce,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

Buford, J.—The plaintiff in error was convicted under a second count of an indictment in the following language:

"The grand jurors aforesaid, on their oaths as grand jurors aforesaid, do further present that Alex Gilbert, P. H. Campbell and B. G. Waldrop of the County of Gulf on the 10th day of September, A. D. 1928, then and there being did then and there unlawfully, feloniously and wilfully remove off of and from the following described lands in Gulf County, Florida, to-wit: Sections Fifteen and Sixteen, Township Six, South Range Eleven West and Section One Township Seven South Range Eleven West in Gulf County, Florida, eight hundred pine logs lying upon said lands aforesaid the property of Maritime Land Company, a corporation of the value of seven hundred dollars."

He filed a motion in arrest of judgment. The motion is based upon the contention that the indictment does not charge a material allegation of the offense, to-wit: the

ownership of the real estate upon which the trespass is alleged to have been committed.

The prosecution appears to have been under Section 6255, Rev. Gen. Stats, 7384 Comp Gen. Laws 1927. The charge in the indictment is ambiguous and the indictment should have been held bad on a motion to quash.

The defect in an indictment which may be held to constitute valid grounds for motion to quash may not constitute grounds to sustain a motion in arrest of judgment. This Court in the case of Disney v. State, 72 Fla. 492, 73 So. R. 598, in an opinion prepared by Mr. Justice ELLIS, say:

"A motion in arrest of judgment based upon informal or imperfect allegations of essential facts in the indictment, should not prevail unless the indictment wholly fails to allege a crime or an essential element of a crime, or is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. Barineau v. State, 71 Fla. 598, 72 So. R. 179; Sumpter v. State, 62 Fla. 98, 57 So. R. 202; Robinson v. State, 69 Fla. 521, 68 So. R. 649. While the indictment in this case may have been vulnerable to attack by a motion to quash it on account of the inaccurate language used to describe the act which resulted in Carlton's death, it can not be said that the language used was so utterly obscure and misleading as to embarrass the accused in the preparation of his defense, and because of the rule that the indictment on a motion in arrest of judgment should receive a liberal construction and the fact that it sufficiently charges manslaughter, the offense of

which the defendant was convicted, the motion was properly overruled.''

When the indictment in this case is measured by the rule stated in that part of the opinion above quoted it appears that the court did not commit error in denying the motion in arrest of judgment.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.