### JOE DEAN v. STATE.

187 So. 161.
Division A.
Opinion Filed August 1, 1938.
On Rehearing February 21, 1939.

*Kelly & Casler,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* and *Tyrus A. Norwood,* Assistant Attorneys General, for Defendant in Error.

BUFORD, J.—The opinion written by Mr. Chief Justice ELLIS was written for a majority opinion and is agreed to except that we think there was ample substantive evidence if believed by the jury to support the verdict. If the statements made by the alleged victim as to what transpired were true the accused was clearly guilty of the offense charged. The jury indicated by its verdict that it believed those statements and the trial Judge approved the findings of fact in order denying new trial. The judgment should be affirmed.

So ordered.

WHITFIELD and BROWN, J. J., concur.

ELLIS, C. J., and CHAPMAN, J., dissent.

ELLIS, C. J., (dissenting)—The plaintiff in error Joe Dean was indicted for an assault upon Elma Lane, a female person, with intent to commit the offense of rape. It was alleged that the offense was committed on July 23, 1935, in Pinellas County. The indictment was returned and filed in May, 1936, and the defendant was placed on trial on July 13, 1936, which resulted in a verdict of guilty, and a judgment of conviction and sentence followed; to that judgment a writ of error was taken.

An attack was made upon the indictment by motion in arrest of judgment. In view of the rule which this Court has followed in the case of Tuberson v. State, 26 Fla. 472, 7 South. Rep. 858; and Disney v. State, 72 Fla. 492, 73

South. Rep. 598, we hold that no error was committed in overruling the motion in arrest of judgment. See also Waldrop v. State, 99 Fla. 610, 126 South. Rep. 760.

Another attack made upon the judgment is that the evidence was insufficient to support the verdict. An examination of the evidence in this case leads one to the inescapable conclusion that the material elements of rape were not present in the transaction which occurred between these parties in the automobile on the night on which it was alleged the offense was committed.

It would neither be edifying nor interesting to the bar or the laity to discuss in detail the transactions which occurred between the two principal parties on the night in question. The conclusion seems to be inevitable that the woman in the case, who was about thirty-seven years of age, and was seated in an automobile with the accused when the alleged act was committed, made no effort whatsoever to resist the defendant's advances and one or two complete accomplishments of his purpose, but aided him by moving from one side of the car to the other and adjusting her body to the accomplishment of the act, so far as the cramped conditions of the front seat of a Ford automobile would permit.

In the case of Hollis v. State, 27 Fla. 387, text 402, 9 South. Rep. 67, which was a case in which the accused was convicted of rape, the judgment of conviction was reversed in an opinion by Mr. Chief Justice RANEY, in which he said:

"Considering the time and other circumstances under which the offending is shown to have occurred, that there is no room for a contention that resistance or outcry would have been useless, the presumption from her age that she was of an intelligent or understanding mind on the subject, within the entire absence of evidence to the contrary, the failure to prove that there was actual fear, and the absence of any resistance, to say nothing of the impeachment of the

reputation of the prosecutrix for truth and the veracity by witnesses whose reputation on this score stands unimpeached, and of the indefiniteness of the testimony on other points, we think the testimony is insufficient to sustain the verdict, and that the case should go back for a new trial.

"Where fear is relied upon to account for or supply the place of actual resistance, the testimony should show such circumstances as clearly justify the conclusion that it existed. None of the cases cited above, if we consider their circumstances, justify a conviction of *rape* in the case before us; that of Regina v. Day, besides being nothing more than a trial on the circuit, was as it finally went to the jury for decision, a trial for a common assault, and is itself an extreme case, although the girl was of very tender years. The circumstances here fall considerably short of any we have found where a conviction of the principal offense has been sustained."

In the case of Bailey v. State, 76 Fla. 213, 79 South. Rep. 730, in an opinion by Mr. Chief Justice Browne, it was said that the jury "may have believed that the prosecutrix told the truth, but what she said did not show sufficient resistance on her part to the defendant's advances to exclude the idea that her opposition to his will was nothing more than pretense; or at any rate that the act was consummated while she, though saying, I'll ne'er consent, consented.'"

Likewise in this case an examination of the evidence reveals that the woman in question is a woman of mature years, evinced no resistance or fear of the accused when he announced his purpose, made no outcry or protest against the accomplishment of the act and not until the purpose of the accused was accomplished once or twice was there any evidence of resentment except a few marks upon the face of the accused produced by the finger nails of the prosecutrix after the commission of the act.

:I think the evidence in the case is insufficient to support the verdict and a new trial should have been granted.

CHAPMAN, J., concurs.

### ON REHEARING.

PER CURIAM.—On rehearing and after reargument by counsel for the respective parties, it is ordered that the judgment of the lower court be, and it is hereby reaffirmed.

TERRELL, WHITFIELD, BROWN, BUFORD, and THOMAS, J. J., concur.

CHAPMAN, J., dissents.