JOHNSON, Judge.
This case is before this court this time for a full appellate review on the merits, raised by a Petition for Habeas Corpus pursuant to direction of the United States District Court so ordering that a full appellate hearing be afforded the defendant and that counsel be appointed to represent said defendant on this appeal. This court entered its order in June 1967, decreeing that the Writ of Habeas Corpus be heard on its merits and that a full review of the judgment and conviction be had.
This case has quite a history attached to it and it has made its appearance in both this court and the Florida Supreme Court on prior occasions, but in neither occasion for a hearing on the merits. We are this time determining this Court’s opinion on a complete review of the record and all the original trial proceedings in an effort to arrive at what we think is proper justice according to the law and facts of this case.
In the beginning, in 1958, the defendant was informed against by the County Solicitor of Duval County, charging said defendant with the crime of assault with intent to commit rape on a woman later found to be a widow 52 years of age. All the evidence adduced by the State at the trial tended to prove actual consummation of the intercourse, not just an attempt. This poses one of the first questions in our minds as to why this charge was laid in the Criminal Court of Record instead of the Circuit Court. Surely the Solicitor had all the facts at his disposal before filing the information and if the proof offered was true then the crime was rape and the defendant should not have been charged with the lesser offense in order to invoke the jurisdiction of a lower court. No question was raised on this point, but it does indicate to us that the Solicitor had some doubts in his mind as to the accuracy of the charge at the time he filed. This also affects us, as will be pointed out hereinafter.
In the case sub judice, the evidence shows such a slight offer of resistance in the very beginning of the episode, and none thereafter, as to throw quite a damper upon the material element of non consent. The defendant suffered no scratches, nor bruises on his face or body, indicating resistance. There was no disturbance of the furniture in the bedroom, no tearing or ripping of clothes, especially of the panties of the woman, from which it could be concluded that there was a depraved or criminal intent on the part of the defendant regardless of succeeding events.
The primary testimony and visual evidence tended to negate the criminal intent, and in fact indicated a lack of resistance if indeed it did not indicate cooperation. The defendant’s attitude as testified to by the alleged victim, did not indicate a guilt complex on the part of the defendant of having committed a crime. It appears to us from the evidence that the strongest case made was one of an over zealous approach on the part of the defendant and a slight temporary reluctance to yield on the part of the prosecutrix.
*24 We are cognizant of the well established rule that the credibility of the witnesses and the weight of the evidence is within the sole province of the jury, and that the court should not substitute its judgment for that of the jury; but the sufficiency of the evidence to support a verdict is within the court’s determination.[1] When the evidence, as we find it to be in this case, is such that no adjudiciation or other authority, nor common sense applied to such evidence would or could support a verdict, we feel compelled to require a stronger case of resisted assault than is shown here.
For these reasons, the verdict and judgment of conviction are reversed and the sentence set aside, and the defendant is granted a new trial.
CARROLL, DONALD K., Acting C. J. and SPECTOR, J., concur.

. Bailey v. State, 76 Fla. 213, 79 So. 730.