324 So.2d 713 (1976)
George Herman O'BRYAN, Appellant,
v.
STATE of Florida, Appellee.
No. W-419.
District Court of Appeal of Florida, First District.
January 6, 1976.
*714 Bill A. Corbin, Blountstown, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
TENCH, BENJAMIN M., Associate Judge.
The parties will be referred to as in the Court below.
Defendant was convicted of rape and sentenced to thirty (30) years in the Division of Corrections. He raises five (5) points on appeal, only one of which we find worthy of consideration. It is the threshold question whether the evidence was adequate to support conviction. We hold it was not.
According to the victim, at approximately midnight on March 30, 1974, she was awakened by a knock on the door of the house trailer in which she lived with her husband and two small children. She dressed in slacks, panties and pajama top and went to the door, believing it was her husband who had forgotten his keys to their home. The defendant was standing in the door when she opened it. He forced himself into the trailer after telling her that her husband and the girl with whom he was socializing had left a local bar together earlier in the evening. He pushed her to the floor where he held her with one hand and with the other removed her slacks and panties. The slacks were torn, but the evidence is in conflict whether the tear occurred during the alleged rape. The underwear was not torn. Her legs were pinned down by the defendant's legs, and he then engaged in sexual intercourse with her. Her screams awakened one of her two children, and the child came crying down the hall of the trailer. The child apparently frightened the defendant, and he did not consummate the intercourse She locked herself in the bathroom until defendant left the premises and then telephoned her brother-in-law, a Florida Highway Patrolman. The defendant was arrested shortly thereafter.
According to the defendant, he and the alleged victim had intercourse on the night of March 30, but it was by prearrangement, without force, and with the consent of the alleged victim. He insisted that he had engaged repeatedly in sexual intercourse with her during her previous marriage and during her present marriage, and that during the present marriage their sexual activity took place on the floor near the back door of the house trailer so they could watch the road by which her husband customarily returned.
We are cognizant of the well established rule that the weight of the evidence and the credibility of witnesses is solely within the province of the jury, and that an appellate court should not substitute its judgment on these matters for that of a jury. However, an appellate court may weigh the sufficiency of the evidence. Bailey v. State, 76 Fla. 213, 79 So. 730 (Fla. 1918). In the instant case no weapons were produced to threaten the alleged victim; no threats were made against her; *715 there was no evidence of any physical injury, such as bruises or scratches, to either the alleged victim or the defendant; and the prosecutrix's panties were not torn.
In Bailey the defendant seized the victim by her arm and threw her on the bed, and while choking her with his left hand consummated sexual intercourse with her. The Florida Supreme Court held the evidence was insufficient for a conviction, stating:
"... and where the testimony shows that the prosecutrix made little or no resistance and made no outcry, it fails to show that the offense was committed by force against her will."
In Hollis v. State, 27 Fla. 387, 9 So. 67 (Fla. 1891) the defendant seized a fourteen-year-old victim around the waist, covered her mouth with one hand and threw her down. He took his hand away from her mouth, pressed his arm down on her throat, telling her that if she cried out he would kill her; he then lifted her dress and engaged in sexual intercourse with her. The Florida Supreme Court found that the evidence presented was insufficient to support the verdict of guilty of rape.
Two of the elements which must be proved beyond a reasonable doubt in order to establish the offense of rape are that it be accomplished by force and that it be against the will of the victim. The absence of proof of either of these elements beyond a reasonable doubt requires the conclusion that the state has failed to establish prima facie case against the defendant. The offense of forcible rape is never established where the evidence presented by the state fails to show that the act was accomplished by force and against the will of the victim, but only shows that she protested. Bowden v. State, 152 Fla. 715, 12 So.2d 887 (1943).
We hold the evidence was insufficient to sustain the defendant's conviction.
We reverse and order defendant O'Bryan discharged.
BOYER, C.J., concurs.
MILLS, J., dissents.
MILLS, Judge (dissents):
I dissent. In my opinion, the evidence was sufficient to raise a jury issue. I would abide by the jury's verdict of guilty and affirm.