576 So.2d 389 (1991)
Sean Charles RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2846.
District Court of Appeal of Florida, First District.
March 13, 1991.
*390 Benedict P. Kuehne of Sonnett, Sale & Kuehne, P.A., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Sean Charles Russell appeals his judgment of conviction and sentence for sexual battery with force not likely to cause serious injury. We affirm the conviction, but we reverse and remand for correction of the sentence.
The appellant was charged by information with committing on or about January 8, 1988, sexual battery on a person twelve years of age or older with the use of physical force not likely to cause serious personal injury, contrary to section 794.011(5), Florida Statutes. Appellant admitted at trial that he engaged in sexual intercourse with the victim, but maintained that the intercourse was consensual. Appellant argues on appeal that the evidence adduced at trial was insufficient to prove the intercourse was accomplished by use of force and violence, and therefore, the evidence was insufficient to support the conviction.
The encounter between the victim and the appellant began, as appellant states, in an amicable way. The facts, which we recite only as necessary here, disclose that the alleged assault took place in the bedroom of appellant's town-house apartment off the campus of Florida State University. Earlier in the evening, the victim met appellant while visiting with mutual friends at a fraternity party, where she and appellant socialized and consumed alcoholic beverages. When the victim and her friends decided to leave the party, appellant, who had stated that his ride had already departed, was offered a ride home in the victim's car. The victim dropped off her girl friends first, then drove to appellant's apartment. Upon his invitation, the victim accompanied appellant into his apartment. There, they listened to music, talked, and, according to the victim, kissed once. At some point the victim asked to use the bathroom, whereupon appellant directed her to the upstairs bathroom. As the victim came out of the bathroom, appellant began kissing her, ignoring her repeated requests to stop, and then moved her into his bedroom, where the sexual battery took place. After the attack, the victim, crying hysterically, told the appellant he had raped her, and that she was going to tell everybody. She got dressed, drove away, and after becoming lost en route, eventually arrived at her sister's apartment where she fell to the floor crying. She was taken to the hospital, interviewed by the police, and examined by a medical doctor, who testified that his examination revealed a laceration of the posterior of the vagina consistent with forced intercourse.
In her testimony, the victim unequivocally stated that she repeatedly told the appellant to stop his advances, and tried to get away from him. She testified that he placed his body on top of her on the bed, that he was heavy, and that she was not able to get out from under him. While she continued to protest and told him to stop, he kept kissing her and placed his hand inside her pants, penetrating her digitally. At one point, the victim bit appellant's tongue, they then fell to the floor, and appellant moved back on top of her. Appellant then removed the victim's pants, *391 which were elastic and easily removable, and then penetrated her vaginally with his penis.
Appellant urges that there was insufficient evidence of lack of consent for the case to go to the jury. However, we determine that it was for the jury to evaluate the conflicting evidence as to whether or not the intercourse was consensual. To obtain a conviction of sexual battery under section 794.011(5), the state is obliged to prove that appellant committed an act upon or with the victim whereby the appellant's sexual organ or other object penetrated or had union with the vagina of the victim without her consent, by use of force not likely to cause serious injury. Under section 794.011(1)(a), consent must be "intelligent, knowing and voluntary" and cannot be "construed to include coerced submission."
Appellant argues that this is a case of sexual intercourse resulting from a "failure of communication" between the parties, and that lack of consent was not sufficiently established so as to become a jury issue since the victim did not clearly indicate her lack of consent in a manner which could be reasonably understood by the appellant. We do not agree. The victim's version of the events of the evening differs substantially from the account given by the appellant, and her version, if believed by the jury, as it obviously was, belies any notion that what occurred resulted from a mere failure of communication.
Appellant also asserts that "non-consensual sex, without using force and violence, is not enough to prove the crime charged." While we accept the proposition that implicit in the act of non-consensual sex is the use of force to some degree, under the definition of sexual battery contained in the statute, "force" means only that degree of power necessary to overcome any resistance. See Surace v. State, 378 So.2d 895, 899 (Fla. 3d DCA 1980) (Schwartz, Judge, specially concurring), cert. denied, 389 So.2d 1115 (Fla. 1980) (a violation of the sexual battery statute occurs "whenever ... there is an intentional, non-consensual intrusion into the sexual privacy of another."), quoted with approval in Grunzel v. State, 484 So.2d 97, 98 (Fla. 1st DCA 1986), and Stone v. State, 547 So.2d 657, 658 (Fla. 2d DCA 1989); Hufham v. State, 400 So.2d 133, 134 (Fla. 5th DCA 1981) (case law requiring showing of strong resistance in order to establish lack of consent no longer represents the legislative policy of the state). We find it indisputable that evidence of victim protestation and physical resistance appears in this record. This evidence presents a jury question on the issue of consent.
We find the fallacy in much of appellant's argument on appeal, so far as the facts of this case are concerned, is underscored by his reliance on O'Bryan v. State, 324 So.2d 713 (Fla. 1st DCA 1976), cert. denied, 336 So.2d 1184 (Fla. 1976), and similar cases arising under the forcible rape statute repealed in 1974. See Hufham v. State, 400 So.2d at 135 (under new statute (section 794.011, Florida Statutes (1974)), "consent" is a relative term to be viewed under circumstances of each case, but by standards established by the new statute, and is essentially a question for the jury); McIlwain v. State, 402 So.2d 1194 (Fla. 5th DCA 1981), rev. den., 412 So.2d 467 (Fla. 1982) (although the sexual battery statute still requires proof of lack of consent, the state is no longer required to prove that the victim "fought, screamed, and did all in her power" to avoid rape); State v. Rider, 449 So.2d 903 (Fla. 3d DCA), rev. den., 458 So.2d 273 (Fla. 1984) (the sexual battery statute no longer depends upon outcry or resistance to determine force or lack of consent).
Appellant further contends that the trial court erred in refusing to give the following requested jury instruction: "Ladies and gentlemen of the jury, you are instructed that if you find the testimony shows the victim made little or no resistance, made no outcry, it fails to show that the offense was committed by force and against the victim's will." As authority for this instruction, appellant cited to the trial court 16 Fla. Jur.2d, Criminal Law, § 1277, citing Bailey v. State, 76 Fla. 213, 79 So. 730 (1918). As to this issue, we agree with the state's *392 observation that by this request appellant attempted to perpetuate archaic notions connected to the ancient crime of rape. Since there is no authority for the requested instruction under the present sexual battery statute, the trial court did not err in refusing to give it. See Watson v. State, 504 So.2d 1267 (Fla. 1st DCA 1986), rev. den., 506 So.2d 1043 (Fla. 1987), and State v. Rider, 449 So.2d at 905-906.
We likewise find no error in the trial court's allowance of expert testimony from the state's medical witness regarding injuries to the victim, which he described as being "consistent with forced intercourse." The doctor further elaborated that the victim sustained a small laceration (five millimeters) to the posterior of the vagina at its opening consistent with "sufficient pressure having been applied to that area and sufficient resistance by the tissue present to create a stretching or pop-open type of laceration." In ruling on this alleged error, we apply the standard of review that absent a clear showing of an abuse of discretion, a trial court's ruling regarding the scope of an expert's testimony will not be disturbed on appeal. See generally, Ehrhardt, Florida Evidence, § 702.2 (2d Ed. 1984). Given the doctor's extensive experience with respect to examinations of this character, we do not find that the trial court reversibly erred in permitting the doctor to testify that the condition he observed was consistent with, though not proof of, forced intercourse. Schwarck v. State, 568 So.2d 1326 (Fla. 3d DCA 1990) (examining physician's testimony was relevant to the extent that it showed that the victim's condition was consistent with having been sexually molested by the defendant as she described).
Appellant further argues in this appeal that he was improperly denied credit against his sentence for time served awaiting sentencing. At the sentencing hearing, the trial court ordered the appellant to receive credit, but that order was not incorporated in the sentencing documents. Accordingly, the cause is remanded for correction of the written judgment and sentence to reflect credit for time served between the date of conviction and the date sentence was imposed. See McDonald v. State, 537 So.2d 185 (Fla. 1st DCA 1989).
We have considered and find without merit other arguments and contentions raised in this appeal. Therefore, the judgment of conviction is affirmed, and the cause is remanded for the limited purpose of awarding credit for time served.
AFFIRMED in part; REVERSED in part; and REMANDED.
SMITH and JOANOS, JJ., and WENTWORTH, Senior Judge, concur.