PER CURIAM.
In August, 1993, Robert Maurice Rains was indicted on one count of capital sexual battery stemming from the alleged rape of his niece in 1971. Section 794.01, Florida Statutes (1971), the applicable statute, required evidence of force and lack of consent as elements of the offense. See Paramore v. State, 238 So.2d 604 (Fla.1970) (victim’s testimony should be rigidly scrutinized as to the nature and extent of force used). “[I]f the exhibited or threatened force was not sufficient to put the woman ‘in fear of loss of life or other great danger,’ evidence of resistance was required to demonstrate the act was by force and against her will.” Hufham v. State, 400 So.2d 133, 134 (Fla. 5th DCA 1981). Under this standard, our courts reversed rape convictions for insufficient evidence on facts far more egregious than exist in the instant case. See Bailey v. State, 76 Fla. 213, 79 So. 730 (1918); see also Hollis v. State, 27 Fla. 387, 9 So. 67 (1891); O’Bryan v. State, 324 So.2d 713 (Fla. 1st DCA), cert. denied, 336 So.2d 1184 (Fla.1976); Johnson v. State, 118 So.2d 806 (Fla. 2d DCA 1960).
While there is little (or no) doubt that the defendant’s actions would result in conviction under our present statute, because the State failed to adduce evidence as to lack of consent and use of force as those terms were *816 legally defined in 1971, we are constrained to reverse.
REVERSED.
GOSHORN and THOMPSON, JJ., concur.
GRIFFIN, J., dissents, with opinion.