280 So.2d 42 (1973)
Richard A. COCHRAN, Appellant,
v.
STATE of Florida, Appellee.
No. S-20.
District Court of Appeal of Florida, First District.
July 17, 1973.
Richard W. Ervin, III, Public Defender, and Robert C. Parker, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, and Richard W. Prospect, Asst. Attys. Gen., for appellee.
PER CURIAM.
Appellant brings this appeal from a judgment of conviction of possession of a firearm by a felon.
The only point on appeal posed by appellant that merits our consideration is:
"The Court erred in denying defendant's [appellant's] objection to the comments of the Assistant State Attorney in regard to the time, manner and reason the defendant [appellant] testified on his own behalf."
A review of this record discloses an overwhelming case of appellant's guilt, and solely for this reason we agree with the State's contention that the harmless error doctrine is applicable.
By caveat, we note that the argument by Richard O. Watson, Assistant State *43 Attorney, as to defense technique and "... how defense lawyers operate ... ." is not only highly improper but it is unethical. Extensive time and effort is expended by law enforcement officers, jurors, witnesses, court attaches, attorneys and judges in bringing to the bar of justice those accused of transgressing the laws of this State. It is the duty of a prosecuting attorney in a trial to refrain from making improper remarks or committing acts which would or might tend to affect the fairness and impartiality to which the accused is entitled. His duty is not to obtain convictions but to seek justice, and he must exercise that responsibility with the circumspection and dignity the occasion calls for. Cases brought on behalf of the State of Florida should be conducted with a dignity worthy of the client.[1] In violating this duty, the prosecuting attorney jeopardizes all the effort and work expended by those above mentioned.
The judgment of conviction is affirmed.
RAWLS, C.J., and JOHNSON and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Kirk v. State, 227 So.2d 40 (4 Fla.App. 1969).