352 So.2d 125 (1977)
Ezekial SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. FF-348.
District Court of Appeal of Florida, First District.
November 17, 1977.
Rehearing Denied December 15, 1977.
Robert Stuart Willis, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
A conviction for murder in the second degree. The trial court did not err in refusing to require the State to introduce in evidence, as a predicate for the in-court identification of Simpson by the State's principal witness, the photographs exhibited before trial to the witness. Nor did the court err in permitting the witness to testify, on questioning by the State after the in-court identification, that the witness had identified the same man in the pretrial photographic display. It was improper for the State to have been permitted to elicit, on redirect examination of the witness, his *126 hearsay testimony that the police identified the photograph chosen as Simpson's. But the police identification of the photograph as Simpson's, after it was selected, is not shown to have tainted the witness' selection of it or his in-court identification. The hearsay testimony at trial was error but, in the circumstances, was harmless. The prosecutor in summation to the jury stated:
... He [defense counsel] told you that the Defendant is never required to take the witness stand and that any comment I or the Court might make about that is absolutely wrong for us to do that, and he's right in his stating the law to you in that way....
Jackson v. State, 45 Fla. 38, 34 So. 243 (1903), holds that a prosecutor may not for any purpose call to the jury's attention that the accused has not testified or insinuate guilt from his failure to do so. Here the jury was first reminded that the accused did not testify by his counsel. It was perilous practice, but not error, for the prosecutor to affirm that the accused's silence was not to be considered against him. There was no "sinister influence" in these particular remarks. Gordon v. State, 104 So.2d 524, 540 (Fla. 1958). There was no other reversible error in the prosecutor's summation, although we admonish him  Mr. Richard D. Nichols  that his reference to "one of the favorite tricks of a defense lawyer" was a gratuitous insult to the adversary system of justice which he serves. Cochran v. State, 280 So.2d 42 (Fla. 1st DCA 1973).
AFFIRMED.
MILLS, Acting C.J., and ERVIN, J., concur.