416 So.2d 18 (1982)
Jerry WESTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. AF-500.
District Court of Appeal of Florida, First District.
June 16, 1982.
Rehearing Denied July 19, 1982.
Michael Allen, Public Defender, Melanie Ann Hines, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
LARRY G. SMITH, Judge.
Appellant, who was convicted of second degree murder, appeals his judgment of *19 conviction and sentence on the grounds: (1) that the trial court erred in allowing Detective Parmenter to read appellant's post-arrest statement made to him, after the written version of appellant's oral statement had been admitted into evidence, and after the detective had testified, in detail, as to the contents of the statement as he recalled them; and (2) that the trial court erred in overruling appellant's objections and in failing to grant appellant's motion for mistrial based upon allegedly improper and prejudicial final argument by the prosecuting attorney. We affirm.
Detective Parmenter testified that following his arrest appellant admitted having possession of the knife which was recovered at the scene of the homicide, but that he had tripped over a loose shoelace and fell into the deceased, and did not know that he had stabbed him until the next morning when he was told that the victim had died. This statement was written down by the detective as appellant made it orally. It was then corrected and signed by appellant. At trial, following a proffer during which the court found the statement to be voluntary, the prosecutor asked the detective to relate to the jury his recollection of the contents of appellant's statement. He did so, reciting the statement virtually verbatim. The prosecutor then offered the statement into evidence, and it was admitted. Upon the prosecutor's request that the witness read the statement to the jury, defense counsel objected on the grounds that the reading of the statement would be repetitious. The trial judge overruled the objection, stating, "[w]hen he was reciting the contents of the statement earlier, it was from recollection or memory, and now that statement is in evidence. I will permit Detective Parmenter to read verbatim the statement that was made." Appellant contends that the trial court abused its discretion by allowing the prosecutor to introduce, over objection, the repetitious and cumulative evidence regarding appellant's statement, with the resulting prejudice that the minds of the jurors were indelibly etched with the details contained in the statement. Although no case law directly in point is cited, appellant contends that Section 90.403, Florida Evidence Code, prohibits the "needless presentation of cumulative evidence."
We agree with appellant's argument that the triple presentation of his statement was overly repetitious. We note, however, that Section 90.403 provides, in part:
Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.
As this court noted in Smith v. State, 404 So.2d 167 (Fla. 1st DCA 1981), the approach expressed in Section 90.403 is in agreement with the Federal Rules of Evidence and federal case law. Committee notes to federal rule 403 explain: "`Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." We agree with the state's contention that appellant's statement was not worded so as to evoke a particularly emotional response from the listener or reader, or to suggest to the jury any other improper basis for its decision. There is no contention that the witness's recitation of the statement was inaccurately or misleadingly presented, nor did appellant request a mistrial or curative instruction on this issue. See, generally, Clark v. State, 363 So.2d 331 (Fla. 1978).
As to the second point, appellant contends that the prosecutor's closing argument went beyond permissible bounds in reference to the non-necessity for proof of a motive for the killing,[1] and reference to certain inferences concerning possible defenses to the killing as "smoke screens." At a sidebar conference following defense counsel's objections to these remarks, the *20 trial judge stated that he felt the prosecutor's use of the phrase "smoke screen" was directed to defense counsel's argument, rather than intended to convey any impression of improper motives or tactics of defense counsel. We conclude that this argument was similar to those in Cochran v. State, 280 So.2d 42 (Fla. 1st DCA 1973), and Simpson v. State, 352 So.2d 125 (Fla. 1st DCA 1977), which were held harmless. The trial judge heard the remarks, the tone and manner in which they were uttered, and did not consider the argument pejorative. We agree that the comments were not such as to "cast aspersions on the motives and tactics of defense counsel," or otherwise prejudice appellant's right to a fair trial. Appellant has failed to demonstrate an abuse of the trial court's discretion in overruling the objection to the remarks, and denying a mistrial. However, we warn, as we did in Cochran and Simpson, that the prosecutor's indulgence in improper argument is a perilous practice.
The judgment of conviction and sentence for the offense are AFFIRMED.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] When defense counsel objected the second time, the trial judge sustained the objection to the prosecutor's reference to other crimes in his argument that if lack of motive were a defense, a person could commit other crimes without a motive (such as stabbing someone), and go unpunished.