455 So.2d 519 (1984)
Freddie BRIGGS, a/K/a Billy Bones, a/K/a Billy Dee, Appellant,
v.
STATE of Florida, Appellee.
No. AU-125.
District Court of Appeal of Florida, First District.
August 17, 1984.
Rehearing Denied September 28, 1984.
*520 Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Barbara Ann Butler, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Briggs was convicted in a jury trial of murder in the second degree with the use of a firearm in violation of section 782.04(2), Florida Statutes. On appeal, he urges that the trial court erred in failing to grant him a new trial because various acts of prosecutorial misconduct during trial were so frequent and so pervasive that he was deprived of his right to a fair trial in violation of the Fourteenth Amendment and of article I, section 9, of the Florida Constitution.
For purposes of this opinion, it is not necessary to recite the details of the alleged misconduct. It is sufficient to state that appellant's main complaint centers around the prosecutor's attempts, in the presence of the jury, to comment on and bring into question the personal integrity of defense counsel by suggesting that counsel was not being truthful and was deliberately misleading the jury. The trial court sustained several objections by defense counsel to the prosecuting attorney's conduct on this and other grounds, and directed the prosecuting attorney not to persist in such tactics.[1] If the evidence of *521 guilt in this case had been close and the trial court not granted a mistrial, we would have been compelled to do so. The evidence of defendant's guilt, however, was overwhelming. Appellant shot the victim twice in a public place in the presence of many witnesses while the victim was hiding under a pool table. Once again, therefore, we affirm the defendant's conviction under the harmless error rule.
Ordinarily we would have affirmed this case without opinion. We feel compelled, however, to note that many criminal appeals have been filed legitimately complaining of misconduct by the prosecuting attorney during trial. The conduct complained of in this case, as is true in most of the cases appealed on similar grounds, evidences an excessive preoccupation with obtaining a conviction at any cost. Such preoccupation disregards the prosecutor's duty in representing the people of the state of Florida to see that justice is done because obtaining a conviction at the expense of a fair trial is not justice. Such preoccupation usually leads to personal involvement by counsel to such an extent that he or she often becomes unable to try the case with the degree of objectivity and personal detachment required of counsel in the adversarial environment. Verbal attacks on the personal integrity of opposing counsel, rather than appropriate comments on the credibility of witnesses and inferences to be drawn from the evidence before the jury, are wholly inconsistent with the prosecutor's role.
It is the duty of a prosecuting attorney in a trial to refrain from making improper remarks or committing acts which would or might tend to affect the fairness and impartiality to which the accused is entitled. His duty is not to obtain convictions but to seek justice, and he must exercise that responsibility with the circumspection and dignity the occasion calls for. Cases brought on behalf of the State of Florida should be conducted with a dignity worthy of the client. In violating this duty, the prosecuting attorney jeopardizes all the effort and work expended by those above mentioned. (Footnote omitted.)
Cochran v. State, 280 So.2d 42, 43 (Fla. 1st DCA 1973).
Appellant's brief questions whether any appropriate remedy exists to prevent these occurrences. Appellant's counsel argues rather persuasively:
Over 30 years ago, in Irvin v. State, 66 So.2d 288 (Fla. 1953) the prosecutor, in closing argument, commented that defense counsel had prevented the state from demonstrating that the accused had a grudge against law enforcement. The defendant's motion for a mistrial and request for a curative instruction was denied. On appeal, while recognizing that the argument was indeed improper and the court should have given a cautionary instruction, the appellate court held the error harmless.
Thus, at least since 1953, prosecutors have been placed on notice that arguments directed to the role of defense attorneys are not proper.
Undeterred by Irvin, the prosecutor in Cochran v. State, 280 So.2d 42 (Fla. 1st DCA 1973), commented as to the techniques of defense attorneys and how defense lawyers operate. On appeal, in very strong language, this court branded such comments as both highly improper and unethical. Yet, invoking the harmless error doctrine, this Court affirmed. Undeterred by both Irvin and Cochran, the prosecutor in Simpson v. State, 352 So.2d 125 (Fla. 1st DCA 1977) referred to `one of the favorite tricks of a defense lawyer.' This Court admonished the prosecutor for making the comment, labelling it a gratuitous insult to the adversary system of justice. Yet, again, apparently on the basis of the harmless error doctrine, Simpson's conviction was affirmed.
Undeterred by Irvin, Cochran, and Simpson, supra, the prosecutor in Hufham *522 v. State, 400 So.2d 133 (Fla. 5th DCA 1981) made comments which the appellate court analogized to those made in Cochran. Again, the conviction appealed was affirmed.
Undeterred by Irvin, Cochran, Simpson, and Hufham, supra, the prosecutor in Melton v. State, 402 So.2d 30 (Fla. 1st DCA 1981) argued that it is amusing how defense attorneys come up with arguments to thwart the common sense of the jurors. Again, this Court determined that such remarks constitute a gratuitous insult to the adversary system of justice, and were both improper and unethical. But again, this Court affirmed. Undeterred by Irvin, Cochran, Simpson, Hufham, and Melton, supra, the prosecutor in Westley v. State, 416 So.2d 18 (Fla. 1st DCA 1982) referred to certain inferences concerning possible defenses to the offense charged as `smoke screens.' Although again affirming, this Court stated that the prosecutor's indulgence in an improper argument is a perilous practice.
Undeterred by Irvin, Cochran, Simpson, Hufham, Melton, and Westley, supra, the prosecutor in McGee v. State, 435 So.2d 854 (Fla. 1st DCA 1983) engaged in a `smoke screen' argument. Although again condemning the prosecutor, this Court affirmed.
Thus, the case law dealing with prosecutorial references to the role of defense counsel in criminal cases has shown two trends. First, such references have never been approved and repeatedly deemed improper. Second, cases in which such references are made are almost as repeatedly affirmed, either on the basis of harmless error or procedural default. Appellant most respectfully suggests that as long as appellate courts tend to affirm such cases, the improper comments will continue. Indeed, the survey of the case law reveals that for over 30 years such prosecutorial tactics have been disapproved of, yet they continue to occur. The historical facts show that only reversals will grab a prosecutor's attention.
Without question, the vast majority of criminal prosecutions are competently and ethically tried by the prosecuting attorneys of this state. Too often, however, a prosecuting attorney succumbs to the temptation to "try" defense counsel rather than the issues. This temptation must be resisted completely in every case. We have previously warned that "the prosecutor's indulgence in improper argument is a perilous practice." Westley v. State, 416 So.2d 18 (Fla. 1st DCA 1982). If it continues, the appellate courts will be compelled, as appellant's counsel argues, to fashion a special remedy and reverse convictions so obtained to provide an effective means of deterring further misconduct.[2]
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] Several times during trial, the judge was moved to comment:

THE COURT: Well, Mr. Stetson [prosecuting attorney], I'm going to tell you right now, I want you to quit. It's getting out of hand, I want you to quit calling the Public Defender  you're not here to try the Public Defender. Now, by God, quit doing it.
* * * * * *
Will you quit accusing them and trying Ms. Finnell and Mr. Cofer [defense counsel]. They're not on trial. You talked about the evidence, and  and if you say that isn't legitimate evidence, please say that, but quit accusing them of impropriety. Suggest that the inference cannot be drawn from the evidence. That's improper argument.
* * * * * *
THE COURT: Counsel, let me say this, and I really mean this, something's wrong, this case is not being tried by lawyers on the evidence and the legitimate inferences on that evidence, it's being tried on persons and delving into the person. It's inappropriate and absolutely absurd. It's happening, the circumstances  I read about it in Miami all the time. I'm not here to try Ms. Finnel, and I don't want her accusing Mr. Stetson of something other than where is the evidence and legitimate inferences from the evidence... . Gentlemen, rebutt their argument and do the things that are proper that lawyers are to do. This case is not different than any civil case or any other case coming down here. And it's not a trial of the lawyers. And by golly, that's what it's falling down into, and I'm very disappointed in it, and I really mean it. You're allowed to draw legitimate inferences. And there were a few in her opening argument. The inference she drew, she did so, and it was a permissible inference. And I suggest you argue this to the jury, but don't argue Ms. Finnell is to be held in disrepute. Argue that inference  she did  you don't think can be reached. That's the purpose of argument.
Gentlemen, I really mean it, it's not right.
[2] We hasten to add that it is equally improper and unethical for defense counsel to attack the personal integrity and credibility of a prosecuting attorney instead of trying the factual and legal issues.