468 So.2d 276 (1985)
Randy VON CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. AW-30.
District Court of Appeal of Florida, First District.
March 13, 1985.
Rehearing Denied May 9, 1985.
*277 David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Andrea Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellant was convicted of burglary of a dwelling and robbery and was sentenced to *278 concurrent ten-year terms. He urges reversal based upon prosecutorial misconduct and misapplication of the sentencing guidelines. We reverse.
Appellant was charged with armed robbery and burglary of a dwelling while armed with a knife. Construed most favorably to the state, the evidence shows that appellant and a companion broke into the home of an eighty-six year old woman and robbed her at knife point. The victim was unable to identify appellant as a participant in the robbery, but appellant's codefendant, in exchange for a plea bargain arrangement, testified that appellant was his accomplice in the robbery. There was also testimony from a third party that appellant had admitted his participation in the robbery. Appellant maintained that he did not commit the crime and had been elsewhere when it occurred. At the outset of cross-examination of appellant, the prosecutor made the following statement: "Randy, I notice you have a nasty looking scar on your neck there... ." Defense counsel immediately objected, and the jury was removed from the courtroom. The objection was sustained and the prosecutor was chastised, but defense counsel's motion for mistrial was denied. When the jurors were returned to the courtroom, they were instructed to disregard the prosecutor's remark. The jury subsequently found appellant guilty of the lesser included offenses of robbery and burglary of a dwelling.
Sentencing was originally set for September 27, 1983, but was twice delayed because of the absence of defense counsel. Finally, the public defender's office was appointed to represent defendant, and sentencing occurred October 20, 1983. At the sentencing hearing, appellant voluntarily elected to be sentenced under the guidelines. His presumptive guidelines sentence was community control or twelve to thirty months incarceration. The state requested that the court depart from the guidelines because of the nature of the crimes, the age of the victim, the appellant's long juvenile record, and the fact that appellant would not have been eligible to be sentenced under the guidelines if his attorney had not failed to appear at the originally scheduled hearing. The trial judge then sentenced appellant to concurrent ten-year terms, stating that he would prepare a written order delineating reasons for departing from the guidelines. Defense counsel objected to the departure and objected to the court's failure to state its reason for departure at the time of sentencing. The trial judge reiterated his intention to set forth his reasons in writing and to provide such order to the parties, but defense counsel indicated that she was objecting "for appellate purposes, because I'm not sure, at what point we're supposed to object... ." Four days later, the trial court entered an order setting forth fourteen reasons for departure from the guidelines.
Initially, appellant argues that the trial court erred in denying his motion for mistrial because of the prosecutor's reference to the scar on appellant's neck. He alleges that this insinuation of bad character by the prosecutor was highly prejudicial and was not properly cured by instructing the jury to disregard the comment. We agree that such comment was patently improper and had absolutely no relevance to the issues in the case. Its sole purpose was to insinuate that appellant has a criminal character or has engaged in violent or criminal conduct. It is axiomatic that unless a defendant places his character in issue it may not be attacked by the state. § 90.404(1)(a), Fla. Stat. In Briggs v. State, 455 So.2d 519 (Fla. 1st DCA 1984), this court expressed its extreme displeasure with prosecutorial tactics designed to achieve convictions at the price of a fair trial. We quote from Briggs:
[M]any criminal appeals have been filed legitimately complaining of misconduct by the prosecuting attorney during trial. The conduct complained of in this case, as is true in most of the cases appealed on similar grounds, evidences an excessive preoccupation with obtaining a conviction at any cost. Such preoccupation disregards the prosecutor's duty in representing *279 the people of the state of Florida to see that justice is done because OBTAINING A CONVICTION AT THE EXPENSE OF A FAIR TRIAL IS NOT JUSTICE.
Id. at 521 (emphasis supplied).
The conviction in Briggs was affirmed upon application of the harmless error doctrine. With a deep sense of reluctance, we must also affirm the conviction in the present case. The prosecutor's senseless comment was obviously designed to insinuate that appellant was a violent man who had been involved in one or more knife fights. Because the evidence of appellant's use of a knife during the robbery was weak, the prosecutor stooped to insinuation and innuendo. The jury, however, apparently disregarded the prosecutor's comment since it convicted appellant only of robbery and burglary of a dwelling. We find that the evidence was clearly sufficient to support the convictions.
Appellant's second argument is that the trial court denied him due process of law when it departed from the sentencing guidelines without notifying him of the reasons for such departure and allowing him to rebut such reasons. In response, the state points out that there is no requirement in the rules that the trial judge explain at the sentencing his reasons for departing from the guidelines.
Appellant does not suggest that he was deprived of an opportunity to present to the court evidence of mitigating circumstances or reasons for the court to sentence within the guidelines; he argues only that he was not given a chance to rebut the court's decision after it had been made. We know of no requirement that the trial court inform the defendant of its reasons for departure at the sentencing hearing. Rule 3.701(d)(11), Florida Rules of Criminal Procedure, requires only that a written statement setting forth the reasons for departure accompany the judgment and sentence. The trial court properly complied with this rule; therefore, we reject appellant's argument.
The final argument made by appellant is that the trial court erred in failing to set forth clear and convincing reasons for departing from the guidelines. We agree that the trial court has not sufficiently justified its departure. Although the court set forth fourteen reasons for departure from the guidelines, we construe the court's order as setting forth seven basic reasons for departure. We find two of the court's reasons to be proper, one to be partially proper, and the remainder to be improper.
The two proper factors cited by the trial court were (1) the victim was an eighty-six year old female who lived alone, and (2) the manner in which the crime was carried out indicated premeditation. With respect to the premeditation factor, we find there is competent evidence in the record to support that factor.
Another factor cited by the court was the defendant's juvenile and adult records from 1972 to October 1983. As recognized by the Second District in Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984) a defendant's juvenile adjudications which are more than three years old can properly be considered a factor in deviating from the sentencing guidelines. The fact that such juvenile dispositions cannot be considered in calculating the applicable sentencing range, rule 3.701(d)(5)(c), Florida Rules of Criminal Procedure, does not mean that they cannot be considered as a reason for departing from the guidelines. However, to the extent that the trial court considered appellant's juvenile record for the past three years in deviating from the guidelines, we hold that it committed error. The guidelines specifically provide for consideration of a defendant's prior juvenile record to the extent the juvenile dispositions occurred within three years of the current conviction. The court cannot properly consider a factor in deviating from the guidelines when such factor has already been calculated into the guidelines formula. *280 Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985).
The remaining reasons for departure set forth by the trial court are not clear and convincing. The first improper reason was that the offense committed by appellant involved a threat of great bodily harm. The record reflects that the jury acquitted appellant of armed robbery and burglary of a dwelling while armed with a knife. Clearly, the jury did not believe that appellant carried or used a knife during the commission of the offenses. The trial court improperly usurped the jury's function when, in fact, the jury rejected the allegations that appellant committed the crime while using a knife.
The trial court also cited as a reason for departure the fact that defendant's co-perpetrator was a minor. This is not a clear and convincing reason justifying departure from the guidelines. The court made no finding that defendant exercised any authority or control over the minor. The mere fact that defendant carried out the crime with the help of a minor does not justify a departure from the guidelines.
The trial court also cited as a reason for departure the fact that appellant's co-defendant was sentenced to five years based on a negotiated plea. We presume the trial court meant to imply that it would be unfair for appellant to receive a guidelines sentence substantially less than the sentence received by his co-defendant pursuant to a negotiated plea. We consider this reason to be totally irrelevant to a determination of whether the court should depart from the guidelines. In any event, it should be noted that the co-defendant's five-year sentence was not pursuant to the guidelines, leaving him subject to parole. Hence, it may well be that the co-defendant serves a sentence equal to or less than the presumptive guidelines sentence.
The final reason cited by the trial court was that appellant would not have been entitled to a guidelines sentence but for his attorney's failure to appear for the scheduled sentencing hearings. This is not a clear and convincing reason for departure from the guidelines. There is no showing that appellant procured his counsel's absence or was otherwise at fault for his counsel's failure to attend the hearings. Because appellant was sentenced after October 1, 1983, he was entitled as a matter of law to be sentenced under the guidelines. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).
Although the trial court has set forth proper reasons for deviation from the sentencing guidelines, the majority of its reasons are not clear and convincing. In accordance with Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), we should reverse and remand for resentencing unless we can hold that neither the court's decision to depart from the guidelines sentence nor the severity of the departure would have been affected by elimination of the impermissible reasons for departure. We cannot reach such conclusion in this case. We vacate the sentence and remand to the trial court for resentencing in accordance with this opinion.
We certify to the Supreme Court as a question of great public importance the same question certified in Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984):
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CR.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING.
*281 SHIVERS, J., concurs.
THOMPSON, J., concurs in part and dissents in part.
THOMPSON, Judge, concurring in part and dissenting in part.
I concur with the majority in their finding that the defendant's judgment and sentence should not be reversed on grounds of prosecutorial misconduct or because of the court's failure to state its reasons for departing from the guidelines at the time it passed sentence. However, I would also affirm the sentence, which exceeded the guidelines recommendation, because the record reveals that there were sufficient clear and convincing reasons given by the court in writing at the time the judgment and sentence were entered to support and justify the deviation from the guidelines. The defendant and another young male companion, wearing masks, late at night forcibly entered the home of an 86-year-old woman who lived alone, threatened to kill her, and then robbed her. These facts, standing alone, constitute clear and convincing reasons for deviating from the guidelines. I would affirm both the judgment and the sentence.

ON MOTION FOR REHEARING
ZEHMER, Judge.
In his motion for rehearing, appellant alleges that, in holding evidence of premeditation to be a proper clear and convincing reason to depart from the sentencing guidelines in a robbery prosecution, we overlooked Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), and Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985). Appellant is correct. We strike that portion of our opinion, and hold in accordance with Carney and Knowlton that premeditation is not a proper factor to deviate from the sentencing guidelines in this case. In all other respects, appellant's motion for rehearing and the state's motion for rehearing and certification of conflict are denied.
SHIVERS and THOMPSON, JJ., concur.