478 So.2d 1071 (1985)
Randy VON CARTER, Petitioner,
v.
STATE of Florida, Respondent.
No. 67093.
Supreme Court of Florida.
November 27, 1985.
Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985), in which the district court reversed a trial court sentencing judgment for an improper departure from the sentencing guidelines and certified the following question as a matter of great public importance:
When an appellate court finds that a sentencing court relied upon a reason or reasons that are impermissible under [Florida Rule of Criminal Procedure] 3.701 in making its decision to depart from the sentencing guidelines, should the appellate court examine the other reasons given by the sentencing court to determine if those reasons justify departure from the guidelines or should the case be remanded for a resentencing[?]
Id. at 280. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently answered the question in State v. Young, 476 So.2d 161 (Fla. 1985):
When a departure sentence is grounded on both permissible and impermissible reasons, the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the impermissible reason(s) would not have affected the departure sentence.
At 161. See also Brinson v. State, 476 So.2d 162 (Fla. 1985); State v. Carney, 476 So.2d 165 (Fla. 1985); Albritton v. State, 476 So.2d 158 (Fla. 1985). Accordingly, we remand this cause to the district court for reconsideration.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.