MILLS, Judge.
Lisa Rene Cromer appeals from a three-year sentence for false imprisonment. We vacate the sentence and remand for resen-tencing.
Cromer pleaded guilty to false imprisonment in violation of section 787.02, Florida Statutes (1985). The state alleged that Cromer abducted a three-year-old girl (whom she did not know) from a flea market in Lake City. Cromer and the victim were located by authorities two days later in a motel room near Wildwood. The child was apparently unharmed.
The sentencing guidelines provided for a recommended sentence of any nonstate prison sanction. The trial court, however, departed from the guidelines and sentenced Cromer to three years’ incarceration. It gave the following written reasons for departure:
1. The particular vulnerability of the victim due to her tender age of 3 years old, together with the evidence of great psychological injury to the victim.
2. The particularly long length of time (in excess of 48 hours) during which time the abduction and false imprisonment of the victim took place.
The trial court also stated that it deemed any one of these reasons sufficient to depart from the guidelines.
We note that the trial court, although numbering its reasons 1 and 2, actually gave three reasons for departure: (1) the vulnerability of the victim due to her tender age, (2) psychological injury to the victim, and (3) the duration of the crime. The state concedes the second reason is invalid, because there was no evidence that the victim suffered psychological injury, but argues that the first and third reasons are valid, clear and convincing. The state contends further that the sentence should be affirmed based on the trial court’s statement that it would depart for any one of the reasons given.
We find the first reason clear and convincing. The age of the victim can be a valid reason for departure. Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986). But whether it is clear and convincing depends on the facts of the particular case. For example, 52 and 67 year-old male rob *417 bery victims were not of such “advanced age” that their age alone was a clear and convincing reason to depart. Harmon v. State, 506 So.2d 500 (Fla. 1st DCA 1987). In contrast, the fact that a female robbery victim was 86 years old and lived alone has been held a clear and convincing reason. Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA), rev’d on other grounds, 478 So.2d 1071 (Fla.1985). In the instant case, we take judicial notice that the extremely young age of the victim made her particularly vulnerable.
Cromer argues that the tender age of the victim is not a valid reason for departure because the victim’s age is an inherent component of the crime. To support this argument, Cromer points out that the false imprisonment statute provides, in section 787.02(l)(b), Florida Statutes (1985), that “[cjonfinement of a child under the age of 13 is against his will ... if such confinement is without the consent of his parent or legal guardian.” This provision, however, merely describes a means of proving an element of the crime. It does not describe a separate crime, or provide for an enhanced penalty based on the age of the victim.
The final reason given for departure — the “particularly long length” of the false imprisonment — is not clear and convincing. While the duration of a crime may be a clear and convincing reason under circumstances with which we are not here confronted, we cannot say that a two-day false imprisonment, with no evidence of psychological or physical harm to the victim, is so protracted that its duration alone makes it more heinous than other cases where children are abducted.
Having determined that only one of the three reasons given by the trial court is clear and convincing, the question becomes whether the state has shown beyond a reasonable doubt that the sentence would have been the same without the invalid reasons. Albritton v. State, 476 So.2d 158 (Fla.1985). Apart from the trial court’s statement that it would depart from the guidelines for any one of the reasons given, there is nothing in the record indicating what sentence would have been imposed. And our Supreme Court has recently held that such a statement does not satisfy the Albritton standard. Griffis v. State, 509 So.2d 1104 (Fla.1987). We therefore vacate the sentence and remand for resentencing. The trial court may, after reweighing the appropriate departure factor, sentence appellant within the recommended range, or if it so chooses, again impose a sentence outside the guidelines.
. The sentence is vacated, and the case is remanded for resentencing.
ERVIN and NIMMONS, JJ., concur.