527 So.2d 883 (1988)
Charles LARRY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 87-320, 87-398.
District Court of Appeal of Florida, First District.
June 22, 1988.
Rehearing Denied July 28, 1988.
*884 Barbara Ann Butler, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
In each of the above two cases, the defendant complains of his convictions, of both armed robbery (firearm) and use of a firearm while committing the robbery.[1] As the state concedes, such is impermissible under Hall v. State, 517 So.2d 678 (Fla. 1988). Accordingly, we remand to the trial court with instructions that in each of the above two cases the judgment and sentence for the offense of use of a firearm while committing a robbery be vacated and set aside.
Appellant also contends that the sentences imposed in both cases, which sentences exceeded the guidelines, are invalid because the reasons given therefor are not clear and convincing. We agree in part and remand for resentencing in both cases.
The trial court's four reasons for upward departure, in summary, are: (1) engagement in "crime spree"; (2) recent release from prison; (3) involvement of appellant's teenage son in the crimes; and (4) escalating course of criminal conduct. We find that only reason # 2 is sustainable.
The crime spree rationale of reason # 1, which was based upon two armed robberies occurring seven days apart, cannot be sustained as a valid reason for departure. Mathis v. State, 515 So.2d 214 (Fla. 1987); Burney v. State, 523 So.2d 795 (Fla. 1st DCA 1988).
The recent release from prison rationale of reason # 2, although a close question, is valid. The defendant was sentenced in 1978 on two robbery offenses to two consecutive life terms. He was released on parole 6 years later. Within 14 months after his release from prison, defendant committed the instant offenses.
In Stubbs v. State, 522 So.2d 444 (Fla. 1st DCA 1988), this court held that Stubbs' release from prison less than one year prior to commission of the instant offense constituted a legitimate reason for departure. In Hogan v. State, 529 So.2d 1127 (Fla. 1st *885 DCA 1987) and at 1128 (on rehearing), this court held that a defendant's release from community control 11 months prior to the crime was a valid departure ground. In Bruton v. State, 510 So.2d 1243 (Fla. 1st DCA 1987) we found that timing of the offense was not a valid factor where the offense was committed 22 months after the defendant's release on parole.
The question is whether this court should permit the trial court to further extend this departure ground to 14 months. Under the circumstances of this case we are persuaded to permit departure on this basis. The length of the defendant's prior sentence and the fact that he committed this offense 14 months after serving over 6 years can reasonably support a ground for departure. Under other circumstances, the use of the 14-month figure might be more difficult to justify. Defendant's parole status is of course already factored in and Mooney v. State, 516 So.2d 333 (Fla. 1st DCA 1987), instructs that a defendant's past history of the same type of crime is not a valid reason for departure.
We find reason # 3, participation by defendant's teenage son (Clarence), invalid under the facts of this case. In Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985), remanded on other grounds, 478 So.2d 1071 (Fla. 1985), the trial court cited as a ground for departure the fact that Von Carter's co-perpetrator was a minor. We stated:
The court made no finding that defendant exercised any authority or control over the minor. The mere fact that defendant carried out the crime with the help of a minor does not justify a departure from the guidelines.
468 So.2d at 280. The trial court in the instant case acknowledged that the record does not indicate who induced whom, but relied on "common sense." As the written reasons for departure recite, Clarence's mother stated that Clarence had had very little contact with his father while growing up  an observation which serves to undercut this reason. Additionally, the written reasons for departure demonstrate that Clarence managed to get into trouble as a juvenile without any help from appellant. We would also note that Clarence was not a minor but was 18 years old when the robberies were committed.
This court's comment in Thompson v. State, 478 So.2d 462 (Fla. 1st DCA 1985), to the effect that a reason stating that "defendant dealt in cocaine with younger and less-intelligent men" would be proper if supported by the record arguably gives some degree of support to this ground. But there is no evidence that Clarence was "less intelligent" than appellant, and Von Carter speaks more directly to the instant case.
The trial court's last reason for departure, an escalating course of criminal conduct, is a valid reason if factually supportable by the record. Williams v. State, 504 So.2d 392 (Fla. 1987). However, the record does not support such reason in the instant case. It has been almost eight years since the defendant's criminal conduct escalated from burglary to armed robbery. It, of course, cannot be said that the subsequent armed robberies, which are the subject of the instant case, amount to an escalation. We express no view as to whether the defendant's record would support a finding of a "continuing and persistent pattern of criminal activity" within the meaning of Williams, supra, inasmuch as the trial court's written order was expressly limited to an "escalation" rationale.
Only one of the reasons for departure being sustainable and our being unable to conclude that the trial court would have, beyond a reasonable doubt, imposed the same sentences absent the invalid reasons, we reverse the sentences in both cases and remand for resentencing.
We have examined the remaining grounds urged by the defendant for reversal of his convictions and find them to be without merit.
AFFIRMED in part, REVERSED in part and REMANDED for resentencing.
THOMPSON, J., concurs.
BARFIELD, J., concurs with written opinion.
*886 BARFIELD, Judge, concurring:
I concur in reversing and remanding for resentencing only on the basis that the scoresheet is incorrect because it includes possession of a firearm during commission of a felony as additional offenses at conviction. But for this necessity for preparing a correct scoresheet, I would affirm under the authority of chapter 87-110, Laws of Florida.
NOTES
[1] Sua sponte, we have consolidated the appeals in the above two cases for purposes of the Court's opinion.