SHIVERS, Chief Judge.
Appellant, Charles Larry, appeals a guideline departure sentence imposed by the trial court at his second resentencing. We reverse, and remand for resentencing once again.
In 1986, appellant was found guilty of a total of six felony charges in two separate cases, and was given a combination of sentences amounting to two consecutive terms of life imprisonment. The sentence exceeded the recommended guideline sentence of 27-40 years, and was supported by four reasons for departure. On appellant’s first appeal, this court vacated two of the six convictions, found only one of the four reasons for departure to be valid, and remanded for resentencing. Larry v. State, 527 So.2d 883 (Fla. 1st DCA 1988) {Larry I). At resentencing, the trial court imposed two consecutive life sentences for two armed robbery counts, and two concurrent five-year sentences for two aggravated assault counts, using the one reason found to be valid in Larry I. On the second appeal, this court found that the one valid reason was no longer valid, and remanded again, this time with specific instructions that the trial court impose a sentence within the guidelines. Larry v. State, 557 So.2d 629 (Fla. 1st DCA 1990) {Larry II).
At the second resentencing in March 1990, the trial court sentenced appellant in one case to 40 years on the primary armed robbery count, and to two five-year terms on two aggravated assault counts, each to run concurrent to the 40-year term. In the second case, however, the court imposed another 40-year term for armed robbery, to run consecutive to the terms imposed in the first case. Because the new sentence is in derogation of this court’s mandate in *1347 Larry II, we reverse the sentence imposed and remand with instructions that the trial court impose a sentence within the sentencing guidelines, as mandated in Larry II.
ALLEN and WOLF, JJ., concur.