JOANOS, Chief Judge.
Appellant, Yermon T. Donald, appeals the sentence imposed upon this court’s remand for resentencing. See Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla.1991). Appellant contends the trial court’s written judgment does not comport with the oral pronouncement of sentence, and does not comply with this court’s prior opinion which directed that a non-habitual offender sentence would be imposed. The state concedes the cause should be remanded for correction of clerical error. We reverse and remand for correction of the sentencing document.
At resentencing, the trial court pronounced sentence thusly:
Mr. Donald, you were previously adjudicated, and that adjudication still stands on attempted first degree murder. I would sentence you to twenty-five years, Department of Corrections, with a minimum of a three-year sentence because of the use of a firearm.
The written judgment and sentencing document imposes a sentence of twenty-five years, together with a minimum mandatory sentence of three years, for use of a firearm, and awards credit for 1066 days served. In addition, the final provision on the written sentence form states: “The defendant is adjudged an habitual violent felony offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084.”
It is a settled rule of law that the written judgment and sentence must conform to the trial court’s oral pronouncement. Larry v. State, 590 So.2d 1125 (Fla. 1st DCA 1992); Frederickson v. State, 585 So.2d 506 (Fla. 1st DCA 1991). Moreover, when a cause is remanded for resentenc-ing, the trial court is not authorized to impose a sentence that does not comport with the remand instructions. Larry v. State, 576 So.2d 1346 (Fla. 1st DCA 1991).
The sentencing transcript of the resen-tencing proceeding in this case reveals that the trial court did not impose an habitual violent felony offender sentence. Rather, the trial court’s oral pronouncement was in accordance with the remand instructions set forth in this court’s prior opinion. In keeping with the state’s concession of error, we conclude the typed-in provision on the sentencing document, pertaining to habitual violent felony offender sentencing, constitutes inadvertent clerical error.
Accordingly, this cause is remanded with instructions to delete the provision for habitual violent felony offender sentencing from the written sentencing document.
BOOTH and WOLF, JJ., concur.