PER CURIAM.
The defendant, Dwight Ross, appeals his conviction for burglary of a structure and petit theft. He raises three issues. We find merit only in the defendant’s contention that his written sentence must be corrected to reflect the trial court’s oral pronouncement that he would not be sentenced as a habitual felony offender. See Wilcox v. State, 674 So.2d 191 (Fla. 2d DCA 1996); Donald v. State, 613 So.2d 935 (Fla. 1st DCA 1993). The state concedes this was error. Accordingly, we reverse on this basis only.
The defendant also contends that a witness’s identification of him should be suppressed because it occurred after he was arrested without probable cause. Having examined the record, we find no error in the trial court’s determination that the officer had reasonable suspicion to support an investigatory detention and that the line between an investigatory detention and an arrest was not crossed. See generally Hayes v. Florida, 470 U.S. 811, 815-16,105 S.Ct. 1643, 1646-47, 84 L.Ed.2d 705 (1985) (stating no bright-line exists between an investigatory detention and an arrest).
Finally, the defendant claims that the record does not demonstrate that the rules pertaining to peremptory challenges as set forth in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), were followed. First, we question whether the defendant should be required to raise this issue in a postconviction motion. See Hill v. State, 696 So.2d 798 (Fla. 2d DCA 1997) (Altenbernd, J., concurring) (certifying question whether defendant must “file a postconviction motion alleging under oath that he or she would not have exercised peremptory challenges in the same manner as his or her attorney”). However, we need not address that question because we conclude that no error occurred. It is clear from the record that the jurors were sent out of the courtroom and the jury challenges were exercised in open court in the defendant’s presence. Further, the record establishes that defense counsel consulted with the defendant during the jury selection process.
We remand with directions to the trial court to correct the scrivener’s error on the defendant’s written sentence. The defendant need not be present. In all other respects, we affirm.
THREADGILL, C.J., and FULMER and WHATLEY, JJ., concur.