COBB, Chief Judge.
The appellant raises two points on appeal. We find that both are without merit. First, this court has ruled in four separate cases that while sending the jury tape recorded instructions is a practice to be discouraged, it is not reversible error in the absence of a showing of prejudice. McCarthy v. State, 446 So.2d 252 (Fla. 5th DCA 1984); Powell v. State, 443 So.2d 433 (Fla. 5th DCA 1984); Fayson v. State, 442 So.2d 1030 (Fla. 5th DCA 1983); DeWitt v. State, 442 So.2d 1029 (Fla. 5th DCA 1983). This appellant has made no showing of prejudice.
Second, the appellant argues that his concurrent sentences of five years on count one and seven years on count two should be changed to 3.5 years on each count. Under the guidelines score sheet, the recommended sentence for the appellant ranged from five-and-one-half to seven years. Florida Rule of Criminal Procedure 3.701(d)(12) states:
12. Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence *456 cannot exceed the total guidelines sentence unless a written reason is given.
He claims that his concurrent sentences violate this rule, as they total more than seven years and no written reason was given.
Draves is clearly misapplying this section. The use of the term “total sentence” in Rule 3.701(d)(12) does not refer to the mathematical total of two concurrent sentences, such as the sentences in the instant case, but to the actual time required to be served. The total sentence is seven years, not twelve years, and therefore does not exceed the guideline range.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.