SCHOONOVER, Judge.
The appellant, David R. Cassidy, has appealed from the judgments and sentences entered pursuant to jury verdicts finding him guilty of trafficking in cannabis and *581 conspiracy to traffic in cannabis. We affirm.
We find no merit in appellant’s contention that he was improperly convicted, and therefore we affirm the judgments entered by the trial court.
We also reject appellant’s contention that he was improperly sentenced under the sentencing guidelines. Florida Rule of Criminal Procedure 3.701(d)(12) provides as follows:
12. Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
According to the guideline score sheet, six years was the recommended sentence for the two crimes committed by appellant. In addition to the monetary fine imposed against him, appellant received a sentence of six years on each of the charges with a mandatory-minimum of three years for each conviction. The sentences were to be served concurrently, so that although the total of the two sentences was twelve years, appellant would actually serve only six years. Appellant contends that rule 3.701(d)(12) was violated since his sentences totaled twelve years and the court failed to give a written reason for departing from the guidelines.
In the case of Draves v. State, 459 So.2d 455 (Fla. 5th DCA 1984), the Fifth District Court of Appeal held that the use of the phrase “the total sentence” in rule 3.701(d)(12) does not refer to the mathematical total of two concurrent sentences, but to the actual time required to be served. We agree with our sister court that “the total sentence” in rule 3.701(d)(12) refers to the actual time required to be served, and therefore we affirm the sentences imposed upon the appellant.
AFFIRMED.
DANAHY, A.C.J., and SHAFER, ROBERT T., Associate Judge, concur.