SHIVERS, Judge.
Appellant in this case, Kenneth Bruton, was originally charged by four separate informations with four counts of obtaining property in return for a worthless check, in violation of section 832.05(4), Florida Stat *1196 utes. After pleading guilty to each count, he appeared for sentencing on April 5, 1985. One sentencing guidelines score-sheet was prepared for all four counts, totaling 61 points and recommending a sentence of 2⅛ to 3’/a years incarceration. Despite this recommendation, the trial court imposed a sentence of 3 years incarceration on the first case, 3 years incarceration on the second ease (to run consecutive to the first), 3 years incarceration on the third case (to run concurrent to the first), and 3 years probation on the fourth case (to commence after the expiration of the prison sentences). No oral or written reasons for departure from the guidelines were given.
Appellant now argues, and we agree, that the court erred in failing to state reasons for departing from the guidelines. The total sentence imposed for each of the four offenses clearly exceeded the total guidelines sentence, in violation of Fla.R. Crim.P. 3.701(d)(12). Since no written reasons were given for the departure, the matter must be reversed and remanded for resentencing. In Braddock v. State, 472 So.2d 875 (Fla. 1st DCA 1985), the trial court improperly exceeded the sentencing guidelines without expressing clear and convincing reasons for departure. We reversed and held that failure to contemporaneously object to the trial court’s departure from the sentencing guidelines does not foreclose the issue on appeal. In State v. Whitfield, 487 So.2d 1045 (Fla., 1986), the supreme court recently confirmed that an unauthorized departure from the guidelines does not require a contemporaneous objection.
Accordingly, we reverse the sentence and remand for resentencing.
ZEHMER and BARFIELD, JJ., concur.