PER CURIAM.
Appellant raises four points in this criminal appeal. We affirm as to all except the third point, relating to the propriety of the lower court’s imposition of a consecutive sentence for appellant’s escape conviction. We are unable to determine from the record whether the trial judge considered the consecutive sentence to be discretionary or mandatory. Since the appellant was not in custody on a former sentence at the time of escape, but rather on a traffic warrant, the trial judge was not required to sentence consecutively on the escape charge, but had the discretion to impose either a consecutive or concurrent sentence. See Section 944.40, Florida Statutes: “The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.” (e.s.)
We therefore reverse the sentence on the escape conviction and remand the cause for reconsideration and clarification by the trial court.
AFFIRMED in part, REVERSED in part and REMANDED.
ERVIN, WIGGINTON and BARFIELD, JJ., concur.