506 So.2d 500 (1987)
Ira Joe HARMON, Appellant,
v.
STATE of Florida, Appellee.
No. BN-99.
District Court of Appeal of Florida, First District.
May 12, 1987.
J. Craig Williams of Williams and Stapp, P.A., Jacksonville, for appellant.
John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Harmon appeals his convictions and sentences for two counts of robbery with a firearm and two counts of aggravated assault. He raises numerous issues on appeal concerning both his convictions and the sentences imposed; however, we find no error with regard to the convictions, and reverse and remand for resentencing in only two respects.
In sentencing Harmon for the robberies (Counts I and II) the trial court *501 departed from the recommended guidelines sentence of 12 to 17 years incarceration and imposed sentences of 40 and 30 years respectively, with a concurrent 3 year mandatory minimum on each. As reasons for departure the court cited Harmon's status as a habitual offender, the fact that the robbery victims were of "advanced age" (52 and 67 years old), and the fact that the offenses had been committed shortly after Harmon had been released on parole for a prior robbery conviction. Harmon's status as a habitual offender is not a valid reason for departure. Whitehead v. State, 498 So.2d 863 (Fla. 1987). Nor is the mere fact that the male victims were 52 and 67 years old a valid reason for departure under Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA) rev'd. on other grounds 478 So.2d 1071 (Fla. 1985). See also Grant v. State, 12 FLW 236 (Fla. 4th DCA Jan 7, 1987); Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986). The final reason refers to the timing of the instant offenses and is a valid reason for departure. Williams v. State, 504 So.2d 392 (Fla. 1987); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984). Therefore, we remand for resentencing of the two robbery convictions under Albritton v. State, 476 So.2d 158 (Fla. 1985).
Harmon also urges that the court's imposition of consecutive 3 year mandatory minimums on the assault counts (Counts III and IV) was improper. We agree. The mandatory minimums of Counts III and IV should be served concurrently to each other and concurrently with the mandatory minimums of Counts I and II. Since the events comprising the offenses arose out of one continuous criminal episode, the mandatory minimums of all four counts must be served concurrent to one another. Palmer v. State, 438 So.2d 1 (Fla. 1983). The sentences should be modified accordingly.
The remaining points raised on appeal are without merit. The case is remanded for resentencing in accordance with this opinion, and in all other respects is affirmed.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
ZEHMER and BARFIELD, JJ., concur.