SHIVERS, Judge.
While incarcerated in the Bay County Jail on a charge of grand theft, appellant and a codefendant grabbed a correctional officer, locked him in a cell, and escaped. Appellant was subsequently charged with kidnapping and escape, to which he entered pleas of nolo contendere. On April 18, 1985, he was sentenced to consecutive 12-year terms of imprisonment on each count. The presumptive guideline sentence was 9-12 years.
We find two bases for reversal. First, it appears from the record that the trial court was under the impression that appellant's escape sentence was required to be consecutive to both his former sentence for grand theft and the kidnapping sentence. Although section 944.40, Florida Statutes, mandates that any punishment of imprisonment imposed for escape run consecutive to a former sentence, it was within the court’s discretion to impose the escape sentence either consecutively or concurrently to the kidnapping sentence. Jordan v. State, 505 So.2d 2 (Fla. 1st DCA, 1986). Second, although the total sentence imposed in this case for both offenses exceeded the total guideline sentence of 12 *1189 years, no written reasons for departure were given, as required by Rule 3.701(d)(12), Fla.R.Crim.P.
Therefore, we reverse the sentence and remand for resentencing in accordance with this opinion.
REVERSED and REMANDED.
THOMPSON and NIMMONS, JJ., concur.