510 So.2d 1243 (1987)
Kenneth E. BRUTON, Appellant,
v.
STATE of Florida, Appellee.
No. BO-96.
District Court of Appeal of Florida, First District.
August 18, 1987.
Michael E. Allen, Public Defender, Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
This is another sentencing guidelines case. Appellant appeals from his sentences which upwardly depart from the sentence range called for by the guidelines scoresheet. Previously, this court in Bruton v. State, 489 So.2d 1195 (Fla. 1st DCA 1986), reversed appellant's sentences and remanded for resentencing because of the *1244 trial court's failure to state written reasons for departure.
Appellant pled guilty to four counts of obtaining property for a worthless check, and was sentenced to three three-year terms; two of which would run consecutively, and three years of probation to follow. The guidelines called for a sentence range of 2 1/2 to 3 1/2 years. As stated above, no written reasons were provided and we were therefore compelled to reverse and remand for resentencing. On remand, the trial court imposed the same sentences and gave the following reasons for departure:
The Defendant's criminal history dates back to 1971 and he has been placed on probation before and unable to make that probation. That probation was revoked. Subsequent thereto the 1980 commitment to the Department of Corrections by this Court for a period of five (5) years. He was paroled from incarceration for that sentence on January 25, 1983. Therefore, he was on parole at the time of the commission of the current offenses. This Court is of the opinion that the Defendant will continue his life of crime as has been demonstrated in the past and it is only a matter of time how long this Court can protect society before he is again released.
Therefore, under the present release system of the Department of Corrections of the State of Florida, prisoners are only serving one-half or less of the time the trial court sentenced them to incarceration which completely violates the rationale for imposing sentencing guidelines on trial courts.
Therefore, this Court exceeds the guidelines and imposes the same sentence as originally sentenced.
The above reasons for departure cannot be sustained as "clear and convincing." Consideration of a defendant's status on parole is factored into the guidelines and as such is an impermissible ground for departure. Williams v. State, 493 So.2d 48 (Fla. 2d DCA 1986). Neither is it proper to consider the possible effect of gain time on the sentence imposed. Brooks v. State, 490 So.2d 173 (Fla. 5th DCA 1986). Finally, the reasons cannot be supported on the basis of the timing of the offenses relative to his earlier release on parole. The current offenses were committed approximately twenty-two months after his release on parole. Compare Harmon v. State, 506 So.2d 500 (Fla. 1st DCA 1987).
We REVERSE and REMAND for resentencing. The trial court having failed in this case to properly depart from the guidelines sentence on two occasions, the trial court, in resentencing the appellant, shall impose sentences within the guidelines range.
SHIVERS and THOMPSON, JJ., concur.