JOANOS, Judge.
Leon D. Finklea appeals the guidelines departure sentence rendered against him in which the trial court sentenced him to two consecutive 12 year prison terms. Appellant argues that the trial court erred by imposing the sentence in the instant case consecutive to the sentence imposed in Case No. 84-104. We agree, reverse, and remand for resentencing.
•This is the second time appellant has appealed a departure sentence for these convictions. When he was first sentenced for Case No. 83-544, appellant received a 15 year sentence for the offense of burglary. In Case No. 84-104, appellant received a life sentence for robbery with a firearm. These sentences exceeded the 9-12 years guidelines recommendation. Upon appeal of that departure sentence, this court determined that none of the various reasons set forth by the trial court as justification for the departure were valid and therefore reversed “with directions to resentence appellant within the recommended range provided by the guidelines”. See Finklea v. State, 496 So.2d 230 (Fla. 1st DCA 1986).
Finklea was resentenced on December 17,1986. The trial court imposed a 12 year sentence in the robbery case. In the burglary case, the trial court imposed a consecutive 12 year sentence, for a total of 24 years. This consecutive 12 year sentence was imposed over defense objection that it amounted to a departure from the 9 to 12 year range recommended by the sentencing guidelines, and is the subject of this appeal.
Rule 3.701(d)(1) Fla.R.Crim.P. provides that one guidelines scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing. Rule 3.701(d)(4) Fla.R.Crim.P. provides that additional offenses at conviction which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts. Further, rule 3.701(d)(12) Fla.R.Crim.P. provides that when sentencing for separate of *1127 fenses, a sentence must be imposed for each offense, however, the total sentence cannot exceed the total guidelines sentence unless a written reason is given.
Appellant’s sentence was correctly scored based on the primary offense of robbery with a firearm, Case No. 84-104. On the same sheet under the category of “additional cases”, appears case numbers 83-544 and 81-4927. Under “prior record” appellant was scored for two second degree felonies and four misdemeanors. Because he had violated his probation, he was scored 17 points for being on legal constraint, in addition to being scored 14 points for moderate victim injury. His total score was 226 points and the correct recommendation for this total is a range of 9 to 12 years in state prison. This was the range within which this court had directed the trial court to sentence appellant in its opinion issued October 20, 1986. However, the sentencing transcript reveals that when the trial court sentenced appellant on December 17, 1986, it believed it had the authority to sentence appellant consecutively, and therefore imposed two 12 year consecutive sentences so that appellant would serve a total of 24 years.
We find that the trial court erred in imposing consecutive sentences when it re-sentenced appellant. See Stokes v. State, 512 So.2d 290 (Fla. 1st DCA 1987); Sparkman v. State, 507 So.2d 1188 (Fla. 1st DCA 1987); Foster v. State, 491 So.2d 328 (Fla. 1st DCA 1986); Bruton v. State, 489 So.2d 1195 (Fla. 1st DCA 1986), appeal after remand, 510 So.2d 1243, (Fla. 1st DCA 1987); and Hagins v. State, 509 So.2d 1244 (Fla. 2d DCA 1987). Once again, this court must reverse appellant’s sentence and remand with instructions to the trial court to sentence appellant within the guidelines, which means he will serve a total sentence not to exceed 12 years.
Reversed for resentencing.
SMITH, C.J., and WENTWORTH, J., concur.