522 So.2d 989 (1988)
Central BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 87-28.
District Court of Appeal of Florida, First District.
March 25, 1988.
Rehearing Denied May 2, 1988.
*990 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his resentence, upon remand from this Court,[1] for a 1985 unarmed robbery conviction. He challenges the reason set forth by the trial court for exceeding the recommended guidelines range and the court's failure to grant specific credit for time served in the resentencing order. We affirm the resentencing order but remand for corrections.
On remand, the trial judge based his departure on "vulnerability of the victim," determining that appellant's crime of snatching a purse from an elderly woman, causing her substantial injury, was not just an ordinary "purse snatching" but was a brutally violent robbery of a senior citizen who was more likely to suffer physical injury as a result of his crime. Contrary to appellant's position, vulnerability of the victim, such that the degree of suffering from physical or psychological injury is increased by reason of the advanced age, frailty, or helplessness of the victim, is a valid reason for departure. Lewis v. State, 496 So.2d 211 (Fla. 1st DCA 1986); Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986); Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985); Harris v. State, 482 So.2d 548 (Fla. 4th DCA 1986); Byrd v. State, 516 So.2d 107 (Fla. 4th DCA 1987). The circumstances of the instant case clearly fall within an acceptable "vulnerability of the victim" departure which is distinct from the "victim injury" factor, and the trial judge herein adequately set forth in his order the factors supporting that conclusion.
In the previous appeal as well as in the instant case, the parties have agreed that victim injury was improperly factored onto appellant's scoresheet since victim injury is not an element of the offense at conviction. Fla.R.Crim.P. 3.701(d)7 (1985).[2] Appellant asserts that the present reason given amounts to a departure based on victim injury, which was in fact scored, and therefore is not a proper ground for departure at this juncture. Casteel v. State, 498 So.2d 1249 (Fla. 1986). We disagree. As discussed above, vulnerability of the victim, under proper circumstances, may support departure aside from the victim injury factor. However, since the scoring of points for victim injury undisputedly was error, we remand for correction thereof by removal of the fourteen points for victim injury from the scoresheet. The record indicates that the improper scoring did not affect the trial judge's decision to depart. Therefore, a remand pursuant to Albritton v. State, 476 So.2d 158 (Fla. 1985) is unnecessary.
*991 Appellant relies upon Schull v. Duggar, 515 So.2d 748 (Fla. 1987), for the apparent proposition that the trial court was required to sentence within the guidelines on remand. In Schull, the court stated that when all reasons supporting departure are found to be invalid, on remand a trial court may not enunciate new reasons for departure but must sentence within the guidelines. Schull is not applicable to the instant case because in ordering remand previously, this Court did not find that all of the reasons given for departure were improper but merely found a major reason for departing was improper. The "vulnerability of the victim" reason for departure was also set forth in the first sentencing order and thus, when relied upon in the order on remand, it was not a new departure reason on resentencing.
In the Uniform Commitment to Custody, the trial judge failed to set forth specifically the jail time credit to which appellant is entitled from the time of his commitment until the time of entry of the order on appeal. Therefore, we remand with directions that the sentence be amended to state with specificity the proper amount of credit to be given for time served. See Franklin v. State, 515 So.2d 400 (Fla. 1st DCA 1987).
AFFIRMED but remanded with directions.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] Bell v. State, 500 So.2d 217 (Fla. 1st DCA 1986).
[2] We note that in Florida Rules of Criminal Procedure, 509 So.2d 1088 (Fla. 1987), rule 3.701(d)7 was amended to provide that victim injury "shall be scored for each victim physically injured during a criminal episode or transaction." That amendment is not applicable in the instant case since it had not been adopted at the time of the April 1987 resentencing. See n. 2 in Mathis v. State, 515 So.2d 214 (Fla. 1987).