PER CURIAM.
This cause is before us on appeal from a judgment and consolidated sentence of 70 years on two counts of armed robbery and *392 two counts of aggravated assault. On appeal the issues are whether there was error in departing from the guidelines, whether the sentence is excessive, and whether appellant’s request for a continuance to submit further mitigating evidence should have been granted.
In 1986, the trial court sentenced appellant on two counts of robbery with a firearm by imposing consecutive terms of 40 and 30 years’ incarceration. The trial court sentenced appellant to concurrent terms of 10 years on two counts of aggravated assault. Appellant’s aggregate sentence, a departure from the recommended sentencing guidelines range, was based on three reasons, two of which were held invalid by this court on the first appeal, Harmon v. State, 506 So.2d 500 (Fla. 1st DCA 1987). The third reason for departure was that appellant committed these offenses shortly after his release on parole for a prior robbery conviction. This court held that only the third departure reason was valid and that the three-year mandatory minimums in each count must run concurrently. Finding no merit to other points raised on appeal, the court remanded the case for re-sentencing. Id. at 501.
On remand, the trial court held a hearing with counsel for both parties and appellant present. Appellant argued that the “timing” of the offenses in this case was not a valid departure reason and that the prior aggregate sentence of 70 years was excessive. Appellant asked for a continuance so that he could present mitigating evidence and statistical data to support his argument that his sentence was excessive.
The trial judge stated that the case was only remanded for him to correct the sentence and to determine whether he felt the timing of the offenses alone was sufficient to warrant a departure. The trial judge did not think appellant was entitled to present any additional evidence but agreed to postpone the hearing until the end of the day to give defense counsel time to prepare his argument.
After lunch, appellant argued again that the “timing” in this case was not a valid departure reason because it was not unusual for someone to violate parole within 15 months of release from incarceration. Appellant asserted that an aggregate 70-year sentence was excessive for a nonviolent, “garden-variety armed robbery.” Defense counsel stated again that if the trial court had granted a continuance, he would have presented statistical evidence that the sentence was disproportionate to other similar cases.
The trial judge responded that all of appellant’s arguments were moot in light of Harmon, supra, that statistics should have been presented at the original hearing, and that appellant was not entitled to a de novo hearing. The trial court maintained that the purpose of the hearing was just housekeeping and that the case was remanded for him to clean up the sentence.
The trial court reimposed an aggregate sentence of 70 years’ incarceration: consecutive terms of 40 and 30 years for the two counts of armed robbery and concurrent five-year terms for the two counts of aggravated assault.[1] The trial court entered a written order stating that he departed for the following reason:
The defendant committed this offense on November 3, 1985, approximately 15 months after being released on parole for a prior armed robbery conviction. Recent release from incarceration has been held to be a valid reason to exceed the recommend guideline range, [citation omitted]
The timing of the instant offenses in relation to appellant’s recent release from prison approximately 15 months before, is a valid departure reason. Williams v. State, 504 So.2d 392 (Fla.1987). This issue was decided in the prior appeal, which establishes the law of the case. Harmon, supra. In Tillman v. State, 525 So.2d 862 (Fla.1988), the court found this reason to be clear and convincing because it represents an aspect of prior criminal record which is not already factored into *393 the guidelines scoresheet. This court has found that committing a new offense within 14 months of release from prison supported a departure sentence. Gibson v. State, 519 So.2d 756 (Fla. 1st DCA 1988).[2]
Appellant argues that an aggregate 70-year sentence is excessive in light of the recommended guidelines range of nine to twelve years. The record shows that the trial judge erroneously thought any argument on this issue was moot and, therefore, did not review the extent of departure from the sentencing guidelines. However, we conclude that the court was required, under the recent holding of the Florida Supreme Court in Griffin v. State, 517 So.2d 669 (Fla.1987), to conduct a full-blown re-sentencing hearing upon vacation of the original sentence. This includes giving the defendant “the opportunity to submit evidence relevant to the sentence if warranted unless otherwise ordered by [the appellate] court.” Id. at 670. We note that in this case, unlike Griffin, the trial court did have a hearing with appellant and his counsel, as well as counsel for the State, present. However, due to the fact that the trial court interpreted this court's prior opinion as limiting his function to “housekeeping” we must remand for resentencing after a new sentencing hearing under Griffin, at which the court may receive such additional evidence, if any, as is offered, and thereafter resentence defendant. This case is affirmed in all other respects.
ERVIN, BOOTH and WENTWORTH, JJ., concur.

. The two five-year sentences for aggravated assault are not at issue here.

. Compare Bruton v. State, 510 So.2d 1243 (Fla. 1st DCA 1987) (timing of offenses committed 22 months after release on parole cannot support departure).