542 So.2d 461 (1989)
Obidiah McCASKELL, Appellant,
v.
STATE of Florida, Appellee.
No. 88-553.
District Court of Appeal of Florida, Fifth District.
May 4, 1989.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
*462 DANIEL, Judge.
Defendant, Obidiah McCaskell, appeals the judgment and sentence entered by the trial court after a jury found him guilty of committing the offenses of unlawful sale or delivery of or unlawful possession with intent to sell or deliver a controlled substance[1] and resisting an officer without violence.[2]
In October of 1987 defendant was charged with committing the offenses of unlawful sale or delivery of or unlawful possession with intent to sell or deliver a controlled substance and resisting an officer without violence. This matter proceeded to trial and in February 1988, a jury returned a verdict of guilty on both charges. The trial court subsequently entered judgment against defendant and then sentenced him to term of 2 1/2 years imprisonment on the drug related conviction and 1 year imprisonment on the resisting an officer conviction. The trial court directed that the sentence on the resisting an officer conviction run consecutive to the sentence imposed on the drug related conviction. On appeal defendant contends that this is a departure sentence and that the trial court erred in failing to provide written reasons to support the departure. We agree and, therefore, reverse.
Rule 3.701 of the Florida Rules of Criminal Procedure provides that in cases in which a defendant is convicted of multiple offenses all offenses before the court for sentencing must be included in one guidelines scoresheet. The rule further provides that a sentence must be imposed for each offense but that the total sentence cannot exceed the total recommended guidelines sentence unless a written reason is given. Fla.R.Crim.P. 3.701(d)(12).
Here, the trial court properly included both offenses on defendant's scoresheet, specifying the drug conviction as the primary offense and the resisting an officer conviction as the additional offense. The trial court calculated defendant's points to be 79 thus placing defendant within the second cell. The recommended guidelines sentencing range within the second cell is from 12 to 30 months incarceration. Fla.R. Crim.P. 3.988. Since the total sentence imposed by the trial court is 3 1/2 years imprisonment (2 1/2 years imprisonment on the drug conviction and the consecutive 1 year imprisonment on the resisting an officer conviction) this is clearly a departure sentence. It was, therefore, error for the trial court to impose such a sentence without providing written reasons. Carter v. State, 483 So.2d 740 (Fla. 5th DCA 1986). See also Finklea v. State, 514 So.2d 1126 (Fla. 1st DCA 1987); Cassidy v. State, 464 So.2d 580 (Fla. 2d DCA 1985).
The state's argument that the 1988 amendment to Rule 3.988 should be applied in this case is without merit. The amendment, which became effective July 1988, establishes a new range of sentences; namely, permissive sentences, and the state is correct in asserting that defendant's sentence is within the permissive range of sentences for the second cell. The supreme court has ruled, however, that this portion of the 1988 amendment is a substantive change in the law, Florida Rule of Criminal Procedure Re: Sentencing Guidelines, 522 So.2d 374 (Fla. 1988); and, therefore, application of the amendment must be prospective only so as to avoid violating the constitutional prohibition against ex post facto laws. Art. I § 10, Fla. Const.
Defendant's judgments of guilt are affirmed. Defendant's sentences are vacated and this matter remanded for resentencing consistent with this opinion.
Judgment AFFIRMED; Sentences VACATED; and REMANDED.
SHARP, C.J., and GOSHORN, J., concur.
NOTES
[1] § 893.13(1)(a)(1), Fla. Stat. (1987).
[2] § 843.02, Fla. Stat. (1987).