McDONALD, Justice.
We accepted jurisdiction to review Carr v. State, 528 So.2d 406 (Fla. 5th DCA 1988), because of conflict with Cassidy v. State, 464 So.2d 580 (Fla. 2d DCA 1985), and Alexander v. State, 422 So.2d 25 (Fla. 2d DCA 1982).
The issue in this case is the propriety of and interpretation of Carr’s sentence for armed robbery. The trial judge imposed a sentence of forty years’ imprisonment, suspended thirty-two years thereof, and placed Carr on probation for twenty years.* The district court upheld the sentence but deleted the twenty-year probation. Both the state and Carr urge that Carr should be resentenced because the intent of the trial judge’s sentence is subject to conflicting interpretations. We agree.
Subsequent to the trial judge’s sentence and the opinion of the district court, we decided Poore v. State, 531 So.2d 161 (Fla. 1988), which delineates and clarifies the trial judge’s sentencing options. -We therefore quash the decision under review with instructions to the district court to vacate Carr's present sentence and remand to the trial judge to resentence Carr in conformity with the options available under Poore.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

 The recommended guidelines sentence was seven to nine years. The statutory maximum was life imprisonment.