JOANOS, Judge.
For the second time, appellant appeals from alleged sentencing errors. The issues presented in this appeal are: (1) the propriety of the departure reasons relied upon by the trial court for imposition of a sentence in excess of the recommended guidelines range, and (2) the propriety of the imposition of life sentences after a successful challenge to the former sentencing disposition. We affirm in part, and reverse in part.
The issue in the first appeal concerned the trial court’s retention of jurisdiction for one-half of the original total sentence of 260 years, pursuant to convictions for burglary with assault, unarmed robbery, and attempted unarmed robbery. The state asked this court to relinquish jurisdiction, so that the trial court might correct the sentence to reflect retention of jurisdiction for one-third of the sentence. See § 947.16(3), Fla.Stat. (1983). . The court treated the request as a confession of error, vacated the sentence, and remanded for resentencing. See Wemett v. State, 529 So.2d 1288 (Fla. 1st DCA 1988).
At resentencing, appellant argued that in accordance with this court’s opinion in Harmon v. State, 531 So.2d 391 (Fla. 1st DCA 1988), he was entitled to a full resentencing hearing. Appellant further successfully asserted his right to be resentenced under the sentencing guidelines which went into effect some six months after the subject offenses were committed. See § 921.001(4)(a), Fla.Stat. (1983); Knight v. State, 455 So.2d 457 (Fla. 1st DCA 1984).
The guidelines scoresheet prepared for appellant’s resentencing indicated a recommended sentence of five and one-half to seven years. After receiving extensive argument from counsel, the trial court imposed two concurrent life sentences for the two convictions for burglary of a dwelling with assault, a 15-year consecutive sentence for the robbery conviction, and a 5-year consecutive sentence for the attempted robbery conviction. The trial court’s written reasons for departure were predicated upon the victim’s age and extreme vulnerability, which vulnerability made it possible for appellant to terrorize and rob the victim in her home on two different occasions within a twenty-four hour period.
We note at the outset that we find the trial court’s departure reasons valid and amply supported by the record in this case. This court has held that when a victim’s vulnerability is increased by virtue of advanced age, frailty, or helplessness, the combination of factors which have made the victim particularly vulnerable will support a departure sentence. Bell v. State, 522 So.2d 989, 990 (Fla. 1st DCA 1988); Guzie v. State, 512 So.2d 289, 290 (Fla. 1st DCA 1987); Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986); Von Carter v. State, 468 So.2d 276, 279 (Fla. 1st DCA 1985). Moreover, we conclude that the added factor that appellant committed separate and distinct offenses against the same victim on two consecutive days is also a valid reason for departure, in the circumstances of this case. Therefore, we reject appellant’s challenge to the departure rea *957 sons relied upon by the trial court in imposing sentences in excess of the recommended guidelines range.
However, the second issue raised by appellant is somewhat more troubling of resolution. Appellant was convicted of two counts of burglary with assault, a first degree felony punishable by a term of years not exceeding life imprisonment, see §§ 810.02(2)(a) and 775.082(3)(b), Fla.Stat. (1983); unarmed robbery, a second degree felony punishable by a maximum of 15 years imprisonment, see §§ 812.13(2)(c) and 775.082(3)(c), Fla.Stat. (1983); and attempted robbery, a third degree felony punishable by a maximum of 5 years imprisonment. See §§ 777.04(4)(c) and 775.082(3)(d), Fla.Stat. (1983). At the first sentencing proceeding, the trial court imposed consecutive and concurrent sentences totalling 260 years,[1] and retained jurisdiction for one-half of that period.
At the 1988 resentencing proceeding conducted pursuant to this court’s direction in Wemett I, appellant affirmatively selected to be sentenced under the guidelines. In addition, appellant argued successfully that he was entitled to “a fullblown resentenc-ing hearing upon vacation of the original sentence.” Harmon v. State, 531 So.2d 391, 393 (Fla. 1st DCA 1988), citing Griffin v. State, 517 So.2d 669 (Fla.1987). As noted above, the trial court determined a departure sentence was indicated, and imposed two consecutive life sentences for the burglary with assault convictions, and consecutive 15-year and 5-year sentences for the unarmed robbery conviction and the attempted robbery conviction, respectively.
Where, as in the instant case, resentenc-ing occurs as a result of a defendant’s pursuit of his statutory right to be sentenced according to applicable law, the principle enunciated in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), must be consulted. See Blackshear v. State, 531 So.2d 956, 958 (Fla.1988); Beech v. State, 436 So.2d 82, 83-84 (Fla.1983). In North Carolina v. Pearce, the court said:
In order to assure the absence of [a vindictive] motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.
89 S.Ct. at 2081. The court reasoned that due process requires that a defendant must be free of any apprehension of retaliation by a sentencing judge for a successful appeal. Id., at 2080.
Thus, the operative question with respect to the second issue is whether the two life sentences imposed after remand are more severe than the former consecutive sentences totalling 260 years. Under the former sentencing scheme, the trial court contemplated exercising jurisdiction over appellant for 130 years. Arguably, at some point during that time, appellant would become eligible for parole and the trial court might become amenable to his release on parole. Under guidelines sentencing, however, parole is not an option. § 921.001(10), Fla.Stat. (1983). Therefore, because two consecutive life sentences with no possibility of parole perhaps could be construed as a more severe sanction than 260 years with retention of jurisdiction for 130 years where parole was possible, it seems appellant has advanced at least an arguable claim that the original sentences were enhanced at resentencing.
We reject the state’s assertion that appellant’s affirmative selection of guidelines sentencing constitutes the type of identifiable conduct contemplated in North Carolina v. Pearce. While it is true that appellant’s election of guidelines sentencing required the trial court to impose sentences that were different from the former interlocking sentencing scheme, the option to be sentenced under the guidelines is provided by statute, and exercise of the right does not constitute the type of con *958 duct contemplated in Pearce as warranting an increase in punishment.
When a more severe sentence is imposed at resentencing, Pearce establishes a rebuttable presumption of vindictiveness. See Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 3221, 82 L.Ed.2d 424 (1984). In other words, Pearce only forbids enhanced sentences motivated by vindictiveness associated with the defendant’s exercise of guaranteed rights. However, if no evidence or justification is offered to rebut the presumption, then by operation of law, the enhanced sentences are deemed vindictive. Wasman, 104 S.Ct. at 3223.
Our examination of the record in this case has yielded nothing that would suggest that the trial court’s imposition of two life sentences, as opposed to the former 260-year sentence with retained jurisdiction for 130 years, was motivated by vindictiveness. Rather, the record indicates the trial court’s intent at resentenc-ing was the same as it had been at the time the original sentences were imposed, i.e., to assure that appellant remained incarcerated for the remainder of his life. In fact, we would be inclined to affirm the trial court’s sentencing disposition in full were it not for language in Blackshear v. State, 531 So.2d 956 (Fla.1988), which we believe requires us to regard a life sentence as a more severe sanction than a term of years, without regard to the number of years involved in the earlier sentence. Therefore, we find we must again reverse and remand this case for resentencing, but we certify the following as a question of great public importance:
IS A LIFE SENTENCE IMPOSED UNDER GUIDELINES SENTENCING ALWAYS A HARSHER SENTENCE THAN A TERM OF YEARS, REGARDLESS OF THE LENGTH OF THE SENTENCE FOR A TERM OF YEARS.
Accordingly, the sentences imposed are reversed and remanded for resentencing to a term of years that does not exceed the trial court’s original sentencing goal. Upon remand, the trial court again may impose a sentence in excess of the recommended guidelines sentence, predicated upon the departure reasons offered in the former sentencing proceeding.
SHIVERS, C.J., and ERVIN, J„ concur.

. The original sentencing took place on July 26, 1983, before the October 1, 1983, effective date of the sentencing guidelines. § 921.001(4)(a), Fla.Stat. (1983).