HARRIS, Judge.
Therman Nelson appeals his departure sentence after having been convicted of robbery with a deadly weapon, armed burglary of a dwelling, and aggravated battery. The maximum sentence under the guidelines is 12 years. For the robbery and burglary convictions he was sentenced to concurrent forty year terms in prison to be followed by 20 years probation. He was given an additional, concurrent sentence of 15 years for the aggravated battery conviction.
The judge’s reasons for departure were “vulnerability of victim and excessive force and brutality in the armed invasion of the home of the victims.” Nelson and an accomplice broke into the home of Bennie Mae and Eugene Brown, both of whom were 73 years old, beat them with a 2 X 4 with nails in it causing substantial injury to Mrs. Brown, and robbed them of money and property. As a result of the incident, Mr. Brown has been placed in a sanitarium in Orlando.
Victim injury, since it was calculated into the aggravated battery portion of the scoresheet, does not justify departure. However, the vulnerability of the victims justifies the departure in this case. As stated in Bell v. State, 522 So.2d 989, 990 (Fla. 1st DCA 1988):
Contrary to appellant’s position, vulnerability of the victim, such that the degree of suffering from physical or psychological injury is increased by reason of advanced age ... is a valid reason for departure. [Citations omitted]. The circumstances of the instant case clearly fall within an acceptable “vulnerability of the victim” departure which is distinct from the “victim injury” factor.
We acknowledge the recent case of Wemett v. State, 567 So.2d 882 (Fla.1990) in which the Supreme Court holds that vulnerability alone is not a clear and convincing reason for departure. However, the court also held:
It may be possible for a trial court to combine age-related vulnerability with *549 other substantial factors to establish a clear and convincing reason for departure if those factors together, proved beyond a reasonable doubt, show that the defendant was particularly dangerous, or the criminal act was extraordinary or egregious.[1]
Id. at 887.
This is such a case. The record reflects that the victim, who, because of this attack, walks with the aid of a walker, must now live alone because the actions of the defendant and his accomplice caused her husband to be placed in a sanitarium. The victim, previously vulnerable because of age, has been rendered more vulnerable because she must now live alone. Long after the effect of the loss of the stolen property and the pain of the broken hip, she will suffer the loss occasioned by the broken family.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.

. The court does not discuss Section 921.001(5), Florida Statutes (1989) which establishes the burden of proof as preponderance of the evidence.