WENTWORTH, Senior Judge.
This is an appeal from a 22-year sentence, within the guideline range of 7-22 years for the conviction of second-degree murder in this case. We affirm on the single issue raised, finding that the record does not show an intention by the court to sentence the appellant Jones, a minor tried as an adult, for a greater term of years than would have been imposed absent potential gain-time impact on the length of that term.
At the sentencing hearing the trial court stated that before deciding on the sentence he made inquiries:
... to determine exactly what will happen to a 16-year old female ... sentenced to state prison for a lengthy period of time.... I wanted to find out because of the age whether or not some special treatment may be given to you by way of opportunities to continue your education ... so that ... this sentence will not slam the door ... on your future forever.
These remarks, in context, appear to be intended as explanatory reassurance to the youthful defendant that opportunities would be available to build a meaningful life after her release, as the court expressly stated in conclusion:
Given the amount of time that you will serve, 51 percent, and given your age, you are going to be a young person still when you are released from state prison.
Appellant relies upon clearly distinguishable decisions that “[i]t is impermissible to base a departure sentence upon a reason [such as potential gain-time] already factored into the guidelines.” (Emphasis supplied). Brooks v. State, 490 So.2d 173, 174 (Fla. 5th DCA 1986); Bruton v. State, 510 So.2d 1243, 1244 (Fla. 1st DCA 1987). Unlike those cases, we are reviewing a sentence within the guidelines where the court did not indicate that a 22-year sentence was necessary in order to achieve actual service of an appropriate sentence after gain-time. We do not, by our conclusion here, approve such motivation with respect to sentences within the guidelines range. We believe, instead, that the sentence before us does not directly or indirectly overstep the judicial function in these premises. Cf. Depson v. State, 363 So.2d 43 (Fla. 1st DCA 1978); Valdes v. State, 469 So.2d 868 (Fla. 3d DCA 1985).
AFFIRMED.
MINER, J., concurs.
BENTON, J., concurs in result only.