SMITH, Judge.
Appellant challenges his judgments of conviction for kidnapping and grand theft, and his departure sentence. We affirm in part and reverse in part.
First, appellant argues that his conviction for kidnapping should be reversed because the conduct constituting the kidnapping offense was incidental to the other offenses for which appellant was convicted, namely armed robbery, armed burglary, and grand theft, among others.[1] In support of his argument, appellant cites Walker v. State, 604 So.2d 475 (Fla.1992), in which the supreme court found that a kidnapping offense was not committed when the defendant, while in the course of robbing a convenience store, ordered the four people inside to go to the rear of the store and lie on the floor. In Walker, the supreme court noted that the movement and confinement of the four persons was slight, inconsequential, and merely incidental to the robbery. Appellant also cites Brinson v. State, 483 So.2d 13 (Fla. 1st DCA 1985), rev. denied, 492 So.2d 1335 (Fla.1986), which overturned a kidnapping conviction where the evidence demonstrated that the defendant and two other men, all of whom were armed, forced the occupants of the home being burglarized to move from the kitchen to the family room. After money was taken from the occupants, and the robbery was otherwise complete, the victims were forced to lie on their stomachs in the family room where their hands and legs were bound by neckties. After the robbers had left the scene, one of the victims was able to escape his bondage within a short period of time.
We find that Walker and Brinson are both distinguishable from this case. Here, the evidence established that the victim of the offense, an 83 year old man, wrestled with the appellant and attempted to fire a weapon at the appellant, although the weapon failed to discharge. Thereafter, appellant took the victim to his bedroom and tied him to a bed with ropes. The victim testified that the ropes were not tied very tightly, and indeed, the victim was able to free himself with little effort after the appellant had departed the scene. However, we note that the appellant forcibly moved and restrained the victim before the robbery was completed, for it was only after so incapacitating the victim that appellant stole the victim’s car and its contents and drove from the scene. We do not agree, therefore, that the evidence was insufficient to support a kidnapping conviction.
Appellant also argues that the lower court erred in denying his motion for acquittal on the grand theft charge. Appellant argued to *129 the trial court that the prosecution had not sufficiently proved the value of the items taken, and therefore the charge should have been reduced from grand theft to petit theft. Appellant correctly notes that a conviction for grand theft requires proof that the items stolen are valued at $300 or more.
The evidence established that appellant removed from the victim’s residence a television, a VCR, $20 in cash, and a bottle of Jack Daniels whiskey. The victim’s son testified that the television was purchased eight months prior to the robbery for approximately $240 to $270. There was no age or value given for the VCR, and no value for the whiskey.
In Randolph v. State, 608 So.2d 573 (Fla. 5th DCA 1992), the reviewing court observed that a jury is not allowed to speculate as to the value of stolen property, but that value may be so self-evident that a jury may make a finding of minimum value even when the state fails to prove the value of the stolen property. Although cognizant of the rule that when a party moves for a judgment of acquittal he admits all facts in evidence and every conclusion favorable to the state reasonably inferable, Anderson v. State, 504 So.2d 1270 (Fla. 1st DCA 1986), we find that the lower court erred in submitting this issue to the jury. Under the evidence presented the jury was required to rely upon sheer speculation to reach the valuation required for conviction of grand theft. Accordingly,the conviction must be reduced to petit theft.
We do agree, also, that the lower court erred in departing from the sentencing guidelines. The lower court gave three reasons for departure in its written departure order:
1.The victim’s vulnerability which was increased by virtue of his advanced age, frailty or helplessness. Wemett v. State, 547 So.2d 955 (Fla. 1st DCA 1989); Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985).
2. The victim was eighty-three years old and live [sic] alone at the time of this incident. Wemett v. State, 547 So.2d 955 (Fla. 1st DCA 1989); Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985).
3. During the course of the burglary while armed with a firearm, the defendant also committed an assault or battery. Further, the structure entered was a dwelling which was occupied. Berry v. State, 511 So.2d 1075 (Fla. 1st DCA 1987).
(Emphasis in original).
In Williams v. State, 492 So.2d 1308 (Fla.1986), the supreme court held that, generally speaking, vulnerability of the victim is not a valid basis in and of itself for departure. In Mathis v. State, 515 So.2d 214 (Fla.1987), the supreme court rejected victim vulnerability as a basis for a departure in an armed robbery case observing that victim defenselessness is common to nearly all armed robberies. In Wemett v. State, 567 So.2d 882 (Fla.1990), the supreme court quashed in part this court’s decision in Wemett v. State, 547 So.2d 955 (Fla. 1st DCA 1989), which was cited by the trial court in the departure order. In Wemett, the supreme court held that “[vulnerability is not a clear and convincing basis to depart from the guidelines when the victim’s helplessness is common to nearly all similar crimes.” Id. at 887.
We find that grounds 1 and 2 of the departure order are not permissible in light of the supreme court’s decisions in Williams, Mathis, and Wemett, supra. While the state has suggested on appeal that departure was based on the victim’s poor health as well as his vulnerability due to age, we read the departure order as stating that the victim’s health is just one of the reasons why the lower court perceived him as vulnerable.[2] We further agree with the appellant that ground 3 of the departure order refers to matters already taken into consideration by the verdict.
*130 Accordingly, we AFFIRM appellant’s conviction for the offense of kidnapping, and all other offenses with the exception of grand theft. We REVERSE the conviction for grand theft, and direct that on remand the judgment of conviction and sentence be reduced to petit theft. We further VACATE the departure sentence and REMAND for resentencing within the guideline’s permitted range.
ZEHMER, C.J., and ERVIN, JJ., concur.

. Appellant was found guilty by the jury and convicted of: Robbery with a firearm and/or knife (Count I); armed burglary of an occupied dwelling while using a firearm and/or knife and while therein committing assault (Count II); kidnapping with a weapon (Count III); battery (Count IV); grand theft (Count V); grand theft auto (Count VI); grand theft of a firearm (Count VII); criminal mischief against property worth $200 or less (Count VIII); driving with a suspended license (Count IX); and fleeing or attempting to elude law enforcement (Count X).

. The appellee quotes from Wemett the following: “It may be possible for a trial court to combine age-related vulnerability with other substantial factors to establish a clear and convincing reason for departure if those factors together, proved beyond a reasonable doubt, show that the defendant was peculiarly dangerous, or the criminal act was extraordinary or egregious.” 567 So.2d at 887. We do not view the factors listed in the departure order under review as satisfying this standard.