PER CURIAM.
Richard Farris Kellar (Kellar), in August of 1992 was convicted of kidnapping, grand theft, grand theft auto, grand theft of a firearm, armed robbery, armed burglary with assault, battery, criminal mischief, driving with a suspended license, and fleeing or attempting to elude law enforcement. This court, on appeal, affirmed the kidnapping conviction, reduced the grand theft conviction to petit theft, and vacated the departure sentence and remanded for resentencing within the guidelines. Kellar v. State, 640 So.2d 127 (Fla. 1st DCA 1994).
The trial court, on remand, sentenced Kellar to twenty-seven years in prison with a minimum mandatory sentence of three years. After resentencing, Kellar’s counsel, on March 3, 1995, filed an Anders Brief stating that no good faith arguments could be made to the appellate court. This court affirmed Kellar’s convictions and sentence. Kellar v. State, 654 So.2d 921 (Fla. 1st DCA 1995).
Kellar, in February of 1997, filed a rule 3.850 motion for postconviction relief. The trial court, on March 25, 1998, after holding an evidentiary hearing, denied Kellar’s claim that his counsel was ineffective for *106 failing to raise the defense of the justifiable use of non-deadly force as a defense to the charge of armed kidnapping. We affirm the trial court’s ruling with regard to this issue.
Kellar also claimed that his convictions for battery, petit theft, grand theft auto, and grand theft of a firearm, violated the prohibition against double jeopardy since all of these crimes were lesser included crimes of armed robbery and armed burglary. The trial court summarily denied this claim on the grounds that Kellar should have raised the claim on direct appeal. However, the trial court should have addressed this claim on the merits. See Smith v. State, 741 So.2d 576 (Fla. 1st DCA 1999)(holding that violation of the prohibition against double jeopardy is a fundamental error which can be presented for the first time in a postconviction motion). Thus, we remand this portion of the order with instructions to address on the merits Kellar’s claim that a double jeopardy violation occurred.
We affirm in all other respects.
AFFIRMED in part and REVERSED in part.
WEBSTER, LAWRENCE and BENTON, JJ., concur.